USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 08 2012

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA      :    INDICTMENT
                              :
     - v. -                   :    12-CRIM 127
                              :
JOHN A. MATTERA,              :
                              :
               Defendant.     :
                              :
------------------------------x
```

### COUNT ONE

(Conspiracy to Commit Securities Fraud and Wire Fraud)

The Grand Jury charges:

### Relevant Individuals and Entities

1. At all times relevant to the Indictment, the Praetorian Global Fund Ltd. ("Praetorian") was either registered, or in the process of being registered, in the British Virgin Islands as a professional mutual fund.

2. At all times relevant to the Indictment, Praetorian G Power I, LLC ("G Power I"), Praetorian G Power II, LLC ("G Power II"), Praetorian G Power III, LLC ("G Power III"), Praetorian G Power IV, LLC ("G Power IV"), Praetorian G Power V, LLC ("G Power V"), Praetorian G Power VI, LLC ("G Power VI"), Praetorian G Power VII, LLC ("G Power VII"), Praetorian G Power VIII, LLC ("G Power VIII"), Praetorian G Power IX, LLC ("G Power IX") and Praetorian G Power X, LLC ("G Power X")(collectively, the "G Power Entities"), were Delaware limited liability companies set up as special purpose vehicles to receive investments for Praetorian.

JUDGE SULLIVAN

3. At all times relevant to the Indictment, JOHN A. MATTERA, the defendant, controlled Praetorian and the G Power Entities and exercised day-to-day management decisions of Praetorian. In addition, MATTERA held himself out as Chairman of the Advisory Board of Praetorian and claimed, among other things, to own more than one million shares of Facebook, Inc. ("Facebook") stock and more than one million shares of Groupon, Inc. ("Groupon") stock.

4. At all times relevant to the Indictment, First American Service Transmittals, Inc. ("FAST") was a Florida corporation. FAST's website claimed that the "principals and staff" of the business have been "meeting the escrow needs of business and individuals since 1999."

### The Scheme To Defraud

5. From in or about November 2009 up to and including November 2011, JOHN A. MATTERA, the defendant, and his co-conspirators, offered investors the chance to invest in special purpose entities -- the G Power Entities -- which they falsely represented owned shares in the stock of private companies such as Facebook and Groupon. Ownership of stock in these private companies was particularly attractive because, as MATTERA and others represented, there was an expectation that an initial public offering would soon occur, thereby increasing the value of the shares. But, in truth and in fact, and as MATTERA well knew, the G Power Entities did not hold such stock.

6. JOHN A. MATTERA, the defendant, and his co-conspirators, made material misrepresentations to investors in order to induce them to invest. These misrepresentations included, among other things, promises to investors that the G Power Entities in fact possessed the promised shares; that investor money would be held in escrow until the offering was completed, or another triggering event took place, at which time the investors would receive their actual ownership interest in the particular G Power entity; and that investors could get their money back, at any time prior to an initial public offering.

7. Based on the misrepresentations of JOHN A. MATTERA, the defendant, and his co-conspirators, investors sent more than $11 million into escrow accounts maintained by FAST at Branch Bank & Trust, located in Florida. Instead of maintaining the investors' money in the escrow accounts as promised, MATTERA caused the vast majority of the investor money to be transferred to other entities associated with MATTERA. Ultimately, MATTERA misappropriated millions of dollars of investor money and spent nearly $4 million on personal items for MATTERA and his family, such as expensive jewelry, interior decorating, and luxury cars.

## Statutory Allegations

8. From in or about November 2009 up to and including November 2011, in the Southern District of New York and elsewhere, JOHN A. MATTERA, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire,

3

confederate, and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and wire fraud, in violation of Title 18, United States Code, Section 1343.

9.   It was a part and an object of the conspiracy that JOHN A. MATTERA, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making and causing to be made untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

10.  It was a further part and an object of the

conspiracy that JOHN A. MATTERA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Means and Methods of the Conspiracy

11. Among the means and methods by which JOHN A. MATTERA, the defendant, and his co-conspirators, would and did carry out the conspiracy were the following:

   a. MATTERA and his co-conspirators falsely represented to investors that the G Power Entities owned shares in the stock of private companies such as Facebook and Groupon.

   b. MATTERA caused the vast majority of the investor money to be transferred to other entities associated with MATTERA.

   c. MATTERA and his co-conspirators used interstate and foreign wires in furtherance of the objects of the conspiracy.

### Overt Acts

12. In furtherance of the conspiracy, and to effect the illegal objects thereof, JOHN A. MATTERA, the defendant, and

5

his co-conspirators committed the following overt acts, among others, in the Southern District of New York, and elsewhere:

a. In or about December 2010, in New York, New York, MATTERA had a meeting to discuss the sale of shares of Facebook, Groupon, and other securities.

b. In or about May 2011, in New York, New York, MATTERA had a meeting with potential investors to discuss the sale of shares of Facebook, Groupon, and other securities.

c. On or about July 6, 2011, a co-conspirator caused a $73,000 wire transfer to be made from an account at JP Morgan Chase Bank in New York, New York, to an account at Branch Bank & Trust in Florida.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Securities Fraud)

The Grand Jury further charges:

13. The allegations contained in paragraphs 1 through 7, 11 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

14. From in or about November 2009 up to and including November 2011, in the Southern District of New York and elsewhere, JOHN A. MATTERA, the defendant, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails, and the

facilities of national securities exchanges, did use and employ, in connection with the purchase and sale of securities, to wit, interests in G Power IV as set forth in the subscription agreement, manipulative and deceptive devices and contrivances, as set forth above, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, namely purchasers of interests in G Power IV.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18 United States Code, Section 2.)

## COUNT THREE

(Wire Fraud)

The Grand Jury further charges:

15.  The allegations contained in paragraphs 1 through 7, 11 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

16.  From in or about November 2009 up to and including November 2011, in the Southern District of New York and elsewhere, JOHN A. MATTERA, the defendant, willfully and

knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and sounds for the purpose of executing such scheme and artifice to defraud, to wit, emails, text messages and wire transfers of investor funds, for example, on or about July 6, 2011, a wire transfer of $73,000 was sent to an account at Branch Bank & Trust in Florida, from JP Morgan Chase Bank in New York, New York, based on MATTERA's false representations that the money would be used to purchase interests in a special purpose entity and would be held in escrow until such purchase was completed.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT FOUR

(Money Laundering)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 7, 11 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

18. From in or about November 2009 up to and including November 2011, in the Southern District of New York and elsewhere, JOHN A. MATTERA, the defendant, willfully and knowingly transported, transmitted and transferred, and attempted

to transport, transmit and transfer, a monetary instrument and funds, from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, wire fraud, to wit, transfers of investor funds, for example, on or about June 28, 2011, MATTERA caused to be transferred $100,000 of investor funds from a MATTERA-controlled bank account in Boca Raton, Florida, to an account at a bank in Geneva, Switzerland, by way of an intermediary bank located in New York, New York. (Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.)

## FORFEITURE ALLEGATION

19. As the result of committing the conspiracy to commit securities fraud and wire fraud offense alleged in Count One of this Indictment, the securities fraud offense alleged in Count Two of this Indictment, the wire fraud offense alleged in Count Three of this Indictment, and the money laundering offense alleged in Count Four of this Indictment, JOHN MATTERA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(c)) and 982, and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from

proceeds traceable to the commission of the offenses.

<u>Substitute Asset Provision</u>

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982, and
Title 28, United States Code, Section 2461)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

JOHN A. MATTERA,

**Defendant.**

## INDICTMENT

12 CR ____

(Title 18, United States Code, Sections 371, 1956 and 2;
Title 15, United States Code, Sections 78j(b) and 78ff, and
Title 17, Code of Federal Regulations, Section 240.10b )

PREET BHARARA
United States Attorney.

**A TRUE BILL**

*/s/ Kathleen [signature]*
Foreperson.

2/8/12  Filed Indictment   Assign to J. Sullivan
                                              Cott, USMJ