UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

vs.

**JOHN A. MATTERA,**

        **Defendant.**

_____/

**CASE NO. 12 Cr. 127 (RJS)**

**MEMORANDUM OF LAW**

*Electronically Filed*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN A. MATTERA'S MOTION FOR BILL OF PARTICULARS AND MOTION TO COMPEL GOVERNMENT TO IDENTIFY DOCUMENTS IN ITS ELECTRONIC DATABASE ON WHICH IT INTENDS TO RELY AT TRIAL AND WHICH ARE MATERIAL TO THE PREPARATION OF THE DEFENSE AND TO EXCLUDE ALL OTHER DOCUMENTS**

Pursuant to Rules 7(f) and 16(e) of the Federal Rules of Criminal Procedure, Defendant John A. Mattera, by and through his undersigned counsel, hereby respectfully moves this Court for entry of an Order requiring the government to file a bill of particulars and compelling the government to identify documents in its electronic database on which it intends to rely at trial and which are material to the preparation of the defense, to exclude all other documents, to provide discovery material to the defense in a usable format, and to provide an exhibit list and hard copies well prior to trial. In support of this motion, Mr. Mattera submits the incorporated memorandum of law and states as follows:

    **I.**    **STATEMENT OF THE FACTS**

The Government has charged Mr. Mattera in a four count Indictment: Count 1 for Conspiracy to Commit Wire and Securities Fraud; Count 2 for Securities Fraud; Count 3 for Wire Fraud; and Count 4 for Money Laundering. The government alleges that Mr. Mattera engaged in the wrongful conduct over a two year period from November 2009 to November 2011 and the

Indictment references a number of locales including New York, Boca Raton, Florida, and Geneva, Switzerland. Although the Indictment makes frequent reference to Mr. Mattera's alleged "co-conspirators," it does not identify any of them and Mr. Mattera is the only defendant charged.

While the government has made a number of productions of discovery material — indeed, the government has produced voluminous quantities of material on thumb drives provided by defense counsel. Unfortunately, the material produced by the government is not organized and is not readily accessible for review. Consequently, defense counsel is faced with the Sisyphean task of attempting to find the documents material to Mr. Mattera's defense presumably located somewhere in the government's massive and disorganized production.

In an effort to turn this impossible task into something resembling appropriate trial preparation, the Defendant, John Mattera, now moves this Court for an Order requiring the government to file a bill of particulars and for an Order compelling the government to provide material discovery in a usable format.

## II. THERE IS A NEED FOR A BILL OF PARTICULARS WHEN THE GOVERNMENT PROVIDES MOUNTAINS OF DOCUMENTS AND LITTLE GUIDANCE AS TO WHICH DOCUMENTS ARE MATERIAL OR RELEVANT TO THE DEFENSE

While an Indictment need not be a formalistic document, when each charge does little more than parrot the language of the statute allegedly violated, a bill of particulars fulfills the function of apprising the defendant of the essential facts of the crime for which he has been indicted and Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the trial court to "direct the government to file a bill of particulars."

In this Circuit, a bill of particulars has frequently been required when the government produces mountains of material with little guidance as to what material is relevant and material to

the defense. The purpose of the bill of particulars in such an instance is to enable the defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007). Particularly in complex white collar securities fraud cases including a conspiracy charge, a bill of particulars can go far toward preventing unfair surprise and permitting the preparation of a defense.

In *United States v. Rajaratnam*, No. 09 Cr. 1184(RJH), 2010 WL 2788168 at *2 (S.D.N.Y. July 13, 2010) (attached as **Exhibit A** hereto), the Court specifically addressed the need for a bill of particulars in a complex conspiracy case in which the government had produced a "large volume" of discovery:

> [S]everal factors favor granting a bill of particulars at least in part. First, in complex conspiracy cases like this one, the potential for unfair surprise and the difficulty of preparing a defense are amplified. . . .
> It is true that the government has provided a large amount of information to the defendants. In particular, it has identified the securities at issue in each count of the indictment; the co-conspirators, charged and uncharged, who are alleged to have participated in each count; the sources of material, nonpublic information; and, at least in general terms, the event to which each piece of inside information relates. The government has also identified the trades at issue in the substantive counts. But ***the production of this material does not necessarily obviate the need for a bill of particulars. The government may not "rely solely on the quantity of information disclosed"; "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."*** *Bin Laden,* 92 F.Supp.2d at 234; *see Davidoff,* 845 F.2d at 1154–55 (holding that district court erred in denying request for particulars regarding victims of each discrete extortion scheme the government intended to prove, and finding it inadequate that the government had produced 6,000 pages of wiretap applications and transcripts of wiretap intercepts); *United States v. Bortnovsky,* 820 F.2d 572, 575 (2d Cir.1987) (not enough for government to "provid[e] mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged"); *United States v. Savin,* No. 00 Cr. 45(RWS), 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (granting request for particulars about defendant's role in transactions, where defendant had "been provided with 100,000 pages of discovery," a "veritable mountain of documents" that the

3

government would have forced the defendant "comb through" to "attempt to guess at" which transactions, during a six-year period, were allegedly improper); *United States v. Nachamie,* 91 F.Supp.2d 565, 571–72 (S.D.N.Y.2000) (granting bill of particulars where government had produced 200,000 documents relating to 2,000 Medicare claims, but had not told the defendants which claims were alleged to be false); *Nacchio,* 2006 WL 2475282, at *8 (finding that it was "not sufficient simply to refer defense counsel to discovery," because "dumping vast quantities of documents and information on one's opposing party does not always elucidate what is going on, so that the [d]efendant can adequately prepare for trial").

(Emphasis added).

Accordingly, Mr. Mattera requests that this Court order the government to particularize the Conspiracy count in the Indictment by identifying any alleged "conspirators" and to particularize the fraud counts by specifying the pertinent details of the alleged scheme and artifice to defraud for each count.

### III. THE GOVERNMENT SHOULD BE COMPELLED TO PROVIDE RULE 16(a)(1)(E) DISCOVERY BY IDENTIFYING DOCUMENTS IN ITS ELECTRONIC DATABASE ON WHICH IT INTENDS TO RELY AT TRIAL AND WHICH ARE MATERIAL TO THE PREPARATION OF THE DEFENSE AND TO EXCLUDE ALL OTHER DOCUMENTS AND PROVIDING THOSE DOCUMENTS IN A USABLE SEARCHABLE FORMAT

In this age of computers, often the problem in litigation is not the absence of discovery but an overwhelming, unmanageable and inaccessible overload of same. The production of a massive quantity of material — in a format that renders analysis or organization impossible — is essentially the equivalent of a failure to provide discovery at all. Consequently, Mr. Mattera now moves the Court for an Order compelling the government to provide Rule 16(a)(1)(E) discovery by producing out of the massive production of documents it has made in this case only those it intends to rely on at trial and which are material to the preparation of the defense and to exclude all other documents.

Furthermore, the Court should also compel the government to provide that pared down production in a format that renders it usable by the defense and searchable.

In *United States v. Perraud*, No. 09-60129-CR, 2010 WL 228013 (S.D. Fla. Jan. 14, 2010) (attached as **Exhibit B** hereto), the government produced large quantities of documents in a database — in addition to, as in the present matter, duplicates of hard drives collected in the course of the investigation, as well as a CD-ROM containing electronic mail and a video recording — that was supposedly "searchable" but which had employed deficient optical character recognition ("OCR") techniques in creating that database which resulted in a lack of reliability in the search system. Furthermore, as was pointed out by the defense in that case, OCR does not recognize handwritten notes — notes which may well contain exculpatory information. Finally, the government was frequently adding to the database which meant that searches needed to be re-executed after each addition. The defense argued that the government had failed to honor its Rule 16(e) obligations and that the principles of due process demand the production of ***meaningful*** discovery, citing to *United States v. McDade*, 1992 WL 382351 (E.D.Pa.1992); *United States v. Poindexter*, 727 F.Supp. 1470 (D.D.C.1989); and *United States v. Turkish,* 458 F.Supp. 874 (S.D.N.Y.1978) as examples of cases where "courts have entered orders requiring the government to identify the documents that are actually called for under Rule 16(a) (1)(e)." 2010 WL 228013 at *9.

In *Perraud*, relying heavily on the opinion in *United States v. Nachamie*, 91 F.Supp.2d 565, 569 (S.D.N.Y. 2000)[1], the Court disagreed with the defendant's contention that Rule 16(a)(1)(E)

---

[1] In *Nachamie*, the Court ordered a bill of particulars since the problem lie not in a failure to produce, but in "a failure to designate." 91 F.Supp.2d at 568.

required the government to identify which documents fall into which subset of the Rule, but concluded:

> Nevertheless, this fact does not endow the Government with the right to drown a defendant in a sea of irrelevant, or even tangentially relevant, documents in an effort to hide the few particularly relevant documents from a defendant in the hope that trial will ensue before the defendant discovers such materials. If it did, the rule might well present problems under the Fifth (due process) and Sixth Amendments (speedy trial).
> As enacted, however, the Federal Rules of Criminal Procedure create no such difficulties. Defendants correctly point out that Rule 16(d)(1), Fed.R.Crim.P., authorizes the court "for good cause" to "grant ... appropriate relief" with respect to the conduct of discovery. Thus, although Rule 16(a)(1)(E) does not require the United States to identify documents it intends to use in its case in chief, the Court may, in appropriate circumstances, order such relief.

*Id.* at *11. In *Perraud*, even though the government had provided the defense with an index to the database, had "separately directed Defendants to the materials it deems to be most relevant to this case," had directed the Defendants to all exculpatory evidence, and had provided the defense with "the same search capabilities upon which the Government must rely in reviewing the materials," the Court concluded that Rule 16(d)(1) did require some further accommodation for the defense. After the government promised to provide an exhibit list and hard copies of all exhibits, the Court granted in part the motion to compel, ordering the government to do so ten days prior to trial and requiring the government to immediately notify the defense of any exculpatory evidence received in the future. *Id.* at *12.

At least one court has found the difficulties presented by a huge mass of documents so overwhelming for the defense that it warranted dismissal of the Indictment:

> In this case, the problem, as the parties well know, is and has been discovery. The discovery itself breaks down into three separate problems. One, the volume of discovery in this case quite simply has been unmanageable for defense counsel. Two, like a restless volcano, the government periodically spews forth new discovery, which adds to defense counsels' already monumental due diligence responsibilities.

> Three, the discovery itself has often been tainted or incomplete. For example, during oral argument, counsel for Defendants stated that computer hard drives produced by the government were riddled with bugs and viruses and that tape recordings and transcriptions were missing or incomplete. Indeed, it appears that these issues may require yet another continuance of the trial if the indictment is not dismissed.
>
> This has put the Defendants in an untenable position. They have not been able to effectively prepare for trial because of all the issues surrounding discovery, but despite the numerous continuances in this matter, by all appearances the case is not much closer to being ready for trial now than it was in December of 2006. Hence, they have faced a lengthy delay . . .

*United States v. Graham*, No. 05-cr-45, 2008 WL 2098044 (S.D. Ohio May 16, 2008) (dismissing indictment for Speedy Trial Act violation when government's discovery was so voluminous and sporadic that defense counsel was unable to prepare defense and repeated continuances were requested) (attached as **Exhibit C** hereto).

**WHEREFORE**, Defendant John A. Mattera, by and through his undersigned counsel, hereby respectfully requests that the Court enter an Order directing the government to file a bill of particulars and to identify which documents it intends to rely on at trial and which are material to the defense and to exclude all other documents and to provide a copy of the pertinent documents to the defense in a searchable usable format.

Dated: July 31, 2012  
*Boca Raton, Florida*

Respectfully submitted,

**s/ Carl F. Schoeppl, Esq. (CS7917)**
Carl F. Schoeppl, Esq.
*Counsel for Defendant John A. Mattera*
**SCHOEPPL & BURKE, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
E-Mail: carl@schoepplburke.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 31, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following: Eugene Ingoglia, Esq., Assistant United States Attorney.

**s/ Carl F. Schoeppl, Esq.**
Carl F. Schoeppl. Esq.
*Counsel for Defendant John A. Mattera*

F:\Mattera - DOJ\Pleadings\S.D.N.Y\Memo of Law Bill of Particulars 07 31 12.wpd