AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1
Case 1:12-cr-00127-RJS   Document 53   Filed 08/26/13   Page 1 of 11
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| John Mattera | Case Number: 12 Cr. 127 |
| | USM Number: 7650-004 |
| **Date of Original Judgment:** 6/21/2013 | Carl F. Schoeppl |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☒ pleaded guilty to count(s)  1, 2, 3, and 4
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 usc 371 | conspiracy to commit securities fraud | 11/30/2011 | 1 |
| 15 usc 78j(b), 78ff | securities fraud | 11/30/2011 | 2 |
| 18 usc 1343 | wire fraud | 11/30/2011 | 3 |

The defendant is sentenced as provided in pages 2 through  11  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/26/2013
Date of Imposition of Judgment

*/s/ Richard J. Sullivan*
Signature of Judge

Richard J. Sullivan — U.S.D.J.
Name of Judge — Title of Judge

8/26/2013
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-13

DEFENDANT: John Mattera
CASE NUMBER: 12 Cr. 127

Judgment — Page 2 of 11

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 usc 1956 | money laundering | 11/30/2011 | 4 |

Case 1:12-cr-00127-RJS  Document 53  Filed 08/26/13  Page 3 of 11

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 3 of 11

DEFENDANT: John Mattera
CASE NUMBER: 12 Cr. 127

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

132 months (60 months on Count One and 132 months each on Counts Two, Three, and Four -- all to run concurrently). Defendant shall receive credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

that Defendant be housed as near as possible to Miami or Pensacola, Florida and that he be permitted to participate in the Residential Drug Abuse Program (RDAP).

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

Case 1:12-cr-00127-RJS   Document 53   Filed 08/26/13   Page 4 of 11

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 3 — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __11__

DEFENDANT: John Mattera
CASE NUMBER: 12 Cr. 127

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

three years on each count of conviction, all to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 11

DEFENDANT: John Mattera
CASE NUMBER: 12 Cr. 127

# SPECIAL CONDITIONS OF SUPERVISION

(1) Defendant shall provide the probation officer with access to any requested financial information.

(2) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

(3) Defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include testing via breathalyzer at the direction and discretion of the probation officer.

(4) Defendant shall be supervised in the district of his residence.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties                                                          (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: John Mattera                                                                    Judgment — Page  6  of  11
CASE NUMBER: 12 Cr. 127

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|------------------|
| TOTALS | $ 400.00       | $ 0.00   | $ 13,456,859.00  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| ** (see attached victim list) ** | | | |

TOTALS                                    $ _____        $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: John Mattera
CASE NUMBER: 12 Cr. 127

Judgment — Page __7__ of __11__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of $ __400.00__ due immediately, balance due

   ☐ not later than _____, or
   ☒ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

   Defendant shall pay restitution in monthly installments of 15 percent of his gross monthly income, commencing 30 days after his release from custody. Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of restitution remains unpaid. While imprisoned, if Defendant is engaged in a BOP non-UNICOR work program, he shall pay $25 per quarter toward criminal financial penalties, and $50 per month if in a UNICOR program grade 1 to 4.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
   $11,800,000 in United States currency, as set forth in the Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

U.S. vs. John A. Mattera           VICTIM LIST
1:12 Cr 000127 (RJS)

| Name | Amount |
|---|---|
| Adam Lanois (Lanoir) | $ 40,000.00 |
| Alan Zimble | $ 50,220.00 |
| Albert Jr. & Craig E. Angelo; Angelo Investment Comp TR | $ 500,000.00 |
| Alexander F. & Arleen J. Olivieri | $ 1,750.00 |
| Alfredo and Gloria Mamaril | $ 40,000.00 |
| Ann M. Lanoir | $ 30,000.00 |
| Applebaum Family Trust | $ 28,300.00 |
| Arthur Kozak | $ 300,000.00 |
| Audrie and Dr. Jefferey Gaier | $ 120,000.00 |
| Brendan Bowen | $ 10,000.00 |
| Brian M. & Sandra Naughton | $ 43,000.00 |
| Brian Vaugh | $ 30,000.00 |
| Brittany N. Engh | $ 1,000.00 |
| Brooks Culley | $ 5,700.00 |
| Cameron Smith | $ 10,000.00 |
| Carlos Castillo Jr | $ 208,000.00 |
| Carmody, Rebecca L. | $ 75,000.00 |
| Caroline Gadsby | $ 100,000.00 |
| Charles W Bigelow | $ 12,000.00 |
| Chris (Charles) L. Redfearn | $ 30,000.00 |
| Chris Dupree | $ 99,000.00 |
| Christian P Koop | $ 25,000.00 |
| Christopher Quach | $ 3,000.00 |
| Curtis K. Tom and Betty M. Tom | $ 25,000.00 |
| Dan S. Meadows | $ 1,000,000.00 |
| Daniel E Weinman | $ 5,000.00 |
| Daniel M. Steyskal | $ 8,000.00 |
| Darin Frieling | $ 50,000.00 |
| David Bernard | $ 50,000.00 |
| David Bollmeier | $ 40,000.00 |
| David E Kells | $ 21,000.00 |
| David Eugene Howard, Senior | $ 100,000.00 |
| David Halas | $ 30,000.00 |
| David K. Dunn | $ 40,000.00 |
| Dennis and Teresa Leombruno | $ 400,000.00 |
| Donna E. Merian | $ 5,000.00 |
| Donna Graham OR Mike Graham | $ 50,000.00 |
| Dorothy Eileen Chutz | $ 150,000.00 |
| Drew Mazur | $ 22,000.00 |
| Elias G Teller | $ 10,000.00 |
| Family Properties LTD | $ 162,240.00 |
| Focus Financial Consultants | $ 3,000.00 |

U.S. vs. John A. Mattera            VICTIM LIST
1:12 Cr 000127 (RJS)

| Name | Amount |
|---|---|
| Frank Biagioni | $ 30,000.00 |
| Fabio Cacciatori | $ 129,750.00 |
| Frank and Debra Piraino | $ 12,000.00 |
| Frank E Vaughn | $ 24,000.00 |
| George E. & Louise A. Holland | $ 25,000.00 |
| George Skaates | $ 21,000.00 |
| Halas, David | $ 30,000.00 |
| Harold Engel | $ 45,000.00 |
| Harold Stulbaum | $ 10,000.00 |
| Hina Gupta | $ 150,018.00 |
| Howard & Nikki Applebaum (Trustees) | $ 22,700.00 |
| Hubbard Family Trust | $ 500,000.00 |
| Ilya Pozharsky | $ 93,000.00 |
| Jac-Mar C/O Mark Pyms | $ 25,000.00 |
| James Archer | $ 42,250.00 |
| James Lucy | $ 44,000.00 |
| James H Nottingham | $ 22,500.00 |
| James Stretch | $ 4,950.00 |
| Jason Eng | $ 3,000.00 |
| Jared Reynolds | $ 146,107.00 |
| Jeff A Overeem | $ 420,000.00 |
| Jeffrey D Greenspan | $ 7,500.00 |
| Jensina Chutz | $ 25,000.00 |
| Jeremy & Deena Schwartz (JBones Holdings, LLC) | $ 55,000.00 |
| Jerry Lee Bayles | $ 500,000.00 |
| Jesse Eker (HE & JE Investments LLC) | $ 98,000.00 |
| John J Gomez | $ 120,000.00 |
| Joseph & Anne Rapp | $ 30,000.00 |
| Joseph Reale | $ 30,000.00 |
| Joshua Chutz | $ 25,000.00 |
| Kakarla Venkata Chalam | $ 55,000.00 |
| Kavita G Sahai | $ 39,600.00 |
| Kenneth Babi | $ 24,000.00 |
| Kenneth M Bachrach | $ 50,000.00 |
| Logan Block | $ 3,000.00 |
| Lou P. Fortunoff | $ 9,000.00 |
| Luke J. & Janet D. Diolosa | $ 4,000.00 |
| Macaroni Tubing Defined Benefit Plan (Jerry Bayles dba) | $ 500,000.00 |
| Marc Irwin Basist IRA | $ 35,000.00 |
| Marcus Perkal | $ 2,500.00 |
| Marisa Light Cain | $ 100,008.00 |
| Mark Gordon | $ 275,000.00 |

U.S. vs. John A. Mattera  VICTIM LIST
1:12 Cr 000127 (RJS)

| Name | Amount |
|---|---:|
| Mark Pyms (Jac-Mar) | $ 25,000.00 |
| Mark S & Wendy K Greenspan | $ 5,000.00 |
| Martin Brewer | $ 50,000.00 |
| Mary R. King | $ 160,010.00 |
| Michael Graham | $ 50,000.00 |
| Michael A. Sgobbo, Trustee | $ 40,000.00 |
| Michael C. Sgobbo | $ 25,000.00 |
| Mitchell L. & Laurie Beller | $ 10,000.00 |
| Mohama, Riyad and Rima | $ 100,000.00 |
| Neil E. Strosnider | $ 25,000.00 |
| Nicholas Diolosa | $ 1,000.00 |
| Nicole Stillings | $ 20,000.00 |
| Paul & Margaret Meyer | $ 50,000.00 |
| Perkal, Marcus | $ 2,500.00 |
| Philipe Sze | $ 50,000.00 |
| Praefectus Capital | $ 1,500,000.00 |
| Raymond Dorante | $ 25,000.00 |
| Ricardo Rossotto | $ 99,975.00 |
| Richard Family Trust, Judi & Raymond TTR | $ 500,000.00 |
| Richard A Weber | $ 40,000.00 |
| Richard F Lenhart | $ 6,000.00 |
| Ritche L. Carney | $ 99,510.00 |
| Robbie Sokolowsky | $ 60,000.00 |
| Robert & Regina M. Spinazzola-Kinney | $ 4,200.00 |
| Robert D. Ribak | $ 44,000.00 |
| Robert Masterson | $ 150,000.00 |
| Robert I. & Judith C. Mills | $ 25,000.00 |
| Robert Starzel | $ 80,000.00 |
| Roland Capital - Michael Rosinski | $ 35,000.00 |
| Ron Chutz | $ 100,000.00 |
| Ronald J. Enway | $ 30,000.00 |
| Ronald H. Vaughn | $ 48,505.00 |
| Sanjeev K Gupta | $ 180,026.00 |
| Saraswati C. Srikantiah and Venkataraman Lakshmi | $ 85,000.00 |
| SGSG Consulting, Inc | $ 190,000.00 |
| Shailesh Gupta | $ 110,000.00 |
| Shivani V Gupta | $ 60,000.00 |
| Smithfield Trust Company | $ 60,000.00 |
| Tagali S. Sudarshan and Nagavalli T. Sudarshan | $ 75,000.00 |
| Terry & Sharon Willensky | $ 9,900.00 |
| Theodore Magen | $ 50,000.00 |
| Thomas Abel | $ 12,000.00 |

U.S. vs. John A. Mattera          VICTIM LIST
1:12 Cr 000127 (RJS)

| Name | Amount | |
|---|---:|---|
| Thomas Schneider | $ 25,000.00 | |
| Thomas Orifici | $ 10,140.00 | |
| Timothy Durham (wire ref John Aughey) | $ 50,000.00 | |
| Timothy J. Smith | $ 350,000.00 | |
| Tyrone Simons | $ 50,000.00 | |
| Verde Capital, LLC | $ 675,000.00 | |
| Vernon Nyberg and Richard Barnas | $ 30,000.00 | |
| Vishal Gupta MD or Anjali Gupta | $ 50,000.00 | |
| Walter Bill Walker | $ 50,000.00 | |
| William F. Segelken | $ 25,500.00 | |
| William R. Weir & Susan W. Weir | $ 24,000.00 | |
| Xian Feng Peng | $ 1,500.00 | |
| Zachary Nussbaum | $ 102,000.00 | |
| | $ 13,456,859.00 | Total |