```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                        :
UNITED STATES OF AMERICA

                        :

        - v. -           :     12 Cr. 127 (RJS)

                        :
JOHN A. MATTERA,

                        :
        Defendant.

                        :
- - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

WHEREAS, on February 8, 2012, JOHN A. MATTERA (the "Defendant") was charged in a four-count Indictment, 12 Cr. 127 (RJS) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment;

WHEREAS, on October 2, 2012, the Defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, or is property involved in the money laundering offense, or is property traceable to such property, including but not limited to: (i) a sum of money equal to $13,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses; and (ii) all right, title and interest of the Defendant in the following specific property: (a) $25,000 cash (the "Cash") (posted as part of the Defendant's Bail); and (b) 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (the "Vehicle") (securing Defendant's Bail);

WHEREAS, on or about November 8, 2012, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property (the "Consent Order of Forfeiture") (attached

hereto as Exhibit A), which: (i) imposed a money judgment against the Defendant, in the amount of $11,800,000 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses charged in Counts One through Three of the Indictment; and (ii) ordered the forfeiture to the United States of all of the Defendant's right, title, and interest in the following:

a.   the Cash;

b.   the Vehicle;

c.   any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America;

d.   any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America;

e.   any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation;

f.   any and all funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation;

g.   any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust Corporation;

h.   any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American

3

Service Transmittals Inc., Facebook Escrow
Account at Branch Banking and Trust Corporation;

i.    any and all funds on deposit in Account No.
148852480 held in the name of BNF Rhino Island
Capital, AGT First American Service Transmittals
Inc., Groupon Escrow Account at Branch Banking
and Trust Corporation;

j.    any and all funds on deposit in Account No.
146652499 held in the name of BNF Rhino Island
Capital, AGT First American Service Transmittals,
Inc., Groupon Escrow Account at Branch Banking
and Trust Corporation;

k.    any and all funds on deposit in Account No.
148852502 held in the name of BNF Rhino Island
Capital, AGT First American Service Transmittals,
Inc, Groupon Escrow Account at Branch Banking and
Trust Corporation;

l.    any and all funds on deposit in Account No.
148277400 held in the name of Rhino Island
Capital Inc. at Branch Banking and Trust
Corporation;

m.    any and all funds on deposit in Account No.
148561702 held in the name of Rhino Island
Capital Inc. at Branch Banking and Trust
Corporation;

n.    any and all funds on deposit in Account No.
1100003483701 held in the name of Mattera Asset
Management Inc. at Branch Banking and Trust
Corporation (the "3701 BB&T Account");

o.    any and all funds on deposit in Account No.
1100003483728 held in the name of Mattera Asset
Management Inc. at Branch Banking and Trust
Corporation (the "3728 BB&T Account");

p.    any and all funds on deposit in Account No.
9117638920 held in the name of Mattera Asset
Management Corporation at Citibank (the "8920
Citibank Account");

4

q.   any and all funds on deposit in Account No.
     824111348 held in the name of Boss International
     Marketing at JPMorgan Chase Bank;

r.   any and all funds on deposit in Account No.
     881459630 held in the name of Mattera Asset
     Management Corporation at JPMorgan Chase Bank
     (the "9630 JPMorgan Account");

s.   any and all funds on deposit in Account No.
     121014864 held in the name of Rhino Island
     Capital at Paradise Bank;

t.   any and all funds on deposit in Account No. 862-
     357750 held in the name of Lan T. Phan at TD
     Ameritrade; and

u.   any and all funds on deposit in Account No. 6700-
     0901 held in the name of Ann Mattera at E*Trade
     Securities LLC (the "0901 E*Trade Account");

(collectively, the "Specific Properties");

WHEREAS, the Consent Order of Forfeiture directed the

United States to publish, for at least thirty (30) consecutive

days, notice of the Consent Order of Forfeiture, of the United

States' intent to dispose the Specific Properties and the

requirement that any person asserting a legal interest in the

Specific Properties file a petition with the Court in accordance

with the requirements of Title 21, United States Code, Sections

853(n)(2) and (3). The Consent Order of Forfeiture further

stated that the United States could, to the extent practicable,

provide direct written notice to any person known to have an

alleged interest in the Specific Properties;

WHEREAS, notice of the Consent Order of Forfeiture and the intent of the United States to dispose of the Specific Properties was published on www.forfeiture.gov, the official United States government internet site, beginning on November 27, 2012 and for thirty (30) consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication (attached hereto as Exhibit B) was filed on January 17, 2013;

WHEREAS, between January 17, 2013 and February 1, 2013, notice of the Consent Order of Forfeiture was sent by certified mail, return receipt requested, to: David R. Chase, Esq., counsel for the Lan T. Phan, at David R. Chase, P.A., 1700 East Las Olas Boulevard, Suite 305, Fort Lauderdale, Florida 33301; Ann A. Mattera, at P.O. Box 861, Boca Raton, Florida 33429; Ann A. Mattera, at 148 Tilford G, Deerfield Beach, Florida 33442; and Ann A. Mattera, at 5140 Congress Avenue, Boca Raton, Florida 33487 (copies of these notice letters are attached hereto as Exhibit C);

WHEREAS, the Defendant and the individuals listed above are the only persons known by the Government to have a potential interest in the Specific Properties;

WHEREAS, on or about March 13, 2013, Ann Mattera faxed a letter to the United States Attorney's Office asserting an interest in the following (the "Ann Mattera Letter"):

    a.    the 3701 BB&T Account;

    b.    the 3728 BB&T Account;

    c.    the 8920 Citibank Account;

    d.    the 9630 JPMorgan Account; and

    e.    the 0901 E*Trade Account;

(a copy of the Ann Mattera Letter is attached hereto as Exhibit D);

WHEREAS, the Government has made an application to the Court to have the Ann Mattera Letter deemed not a valid petition;

WHEREAS, Ann Mattera has not filed a valid petition in this action contesting the forfeiture of any of the Specific Properties;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2); and

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture of the Specific Properties have been filed;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   All right, title, and interest in the Specific Properties is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.   Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Specific Properties.

3.   The Department of Treasury (or its designee) shall take possession of the Specific Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

     4.   The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief of the Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated:    New York, New York
          August 26, 2013

               SO ORDERED:


               HONORABLE RICHARD J. SULLIVAN
               UNITED STATES DISTRICT JUDGE

# Exhibit A

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED:  11/8/2012               │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

    - against -

JOHN A. MATTERA,

                  Defendant.

------------------------------------------------------------X

AMENDED CONSENT
PRELIMINARY ORDER OF
FORFEITURE AS TO
SPECIFIC PROPERTY

12 Cr. 127 (RJS)

WHEREAS, on February 8, 2012, JOHN A. MATTERA (the "Defendant"), was charged in a four-count Indictment, 12 Cr. 127 (RJS) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment;

WHEREAS, on October 2, 2012, the Defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, all property, real and personal, which

constitutes or is derived from proceeds traceable to the commission of the offenses, including but not

limited to: (i) a sum of money equal to $13,000,000 in United States currency, representing the

amount of proceeds traceable to the commission of the offenses; and (ii) all right, title and interest of

the Defendant in the following specific property: (a) $25,000 cash (the "Cash") (posted as part of the

Defendant's bail); and (b) 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (the "Vehicle")

(securing Defendant's Bail);[1]

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of at

least $11,800,000 in United States currency, representing the amount of proceeds obtained as a result

of the offenses charged in Counts One through Three of the Indictment and the Defendant further

consents to the forfeiture of all his right, title, and interest in the following:

    a.  the Cash;

    b.  the Vehicle;

    c.  any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America;

    d.  any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America;

    e.  any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation;

    f.  any and all funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation;

    g.  any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust Corporation;

    h.  any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American Service Transmittals Inc., Facebook Escrow Account at Branch Banking and Trust Corporation;

    i.  any and all funds on deposit in Account No. 148852480 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

---

[1] Although the defendant also attempted to enter a plea of guilty to Count Four of the Indictment, and admitted the associated forfeiture allegation, on October 2, 2012, because the Court has not as of this time accepted the plea as to that count, the parties do not rely on the disposition of Count Four in this Amended Consent Preliminary Order of Forfeiture as to Specific Property.

    j.   any and all funds on deposit in Account No. 146652499 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

    k.   any and all funds on deposit in Account No. 148852502 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc, Groupon Escrow Account at Branch Banking and Trust Corporation;

    l.   any and all funds on deposit in Account No. 148277400 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

    m.   any and all funds on deposit in Account No. 148561702 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

    n.   any and all funds on deposit in Account No. 1100003483701 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation;

    o.   any and all funds on deposit in Account No. 1100003483728 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation;

    p.   any and all funds on deposit in Account No. 9117638920 held in the name of Mattera Asset Management Corporation at Citibank;

    q.   any and all funds on deposit in Account No. 824111348 held in the name of Boss International Marketing at JPMorgan Chase Bank;

    r.   any and all funds on deposit in Account No. 881459630 held in the name of Mattera Asset Management Corporation at JPMorgan Chase Bank;

    s.   any and all funds on deposit in Account No. 121014864 held in the name of Rhino Island Capital at Paradise Bank;

    t.   any and all funds on deposit in Account No. 862-357750 held in the name of Lan T. Phan at TD Ameritrade; and

    u.   any and all funds on deposit in Account No. 6700-0901 held in the name of Ann Mattera at E*Trade Securities LLC;

(collectively, the "Specific Property");

        WHEREAS, the Defendant agrees that the Specific Property is forfeitable to the United

States because the Specific Property constitutes or is derived from proceeds traceable to the

commission of the offenses charged in Counts One through Three of the Indictment;

        WHEREAS, pursuant to Federal Rule of Criminal Procedure 32. 2(b)(4)(A) , the Defendant

consents to this Consent Preliminary Order of Forfeiture as to Specific Property becoming final as to

his interests prior to sentencing; and

3

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce any and all of the Specific Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Paul M. Monteleoni, of counsel, and the Defendant, and his counsel, Carl F. Schoeppl, Esq. that:

1.      As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $11,800,000 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2.      All of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

3.      This Consent Preliminary Order of Forfeiture as to Specific Property is without prejudice to the right of the United States to seek an additional order of forfeiture including an additional money judgment of up to $1,200,000 (a "Second Money Judgment"), so that the Money Judgment and the Second Money Judgment, if any, total the $13,000,000 that the Defendant agreed to forfeit in his plea agreement.

4.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the Department of Treasury (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control, and is also authorized to enter the Defendant's residence at 455 East Palmetto Park Road, Boca Raton, FL (Apartment 4W as well as, for the purpose of inspecting and seizing the Vehicle, any area where the Vehicle is parked); the storage unit maintained for the Defendant by Eire Companies, 6453 W. Rogers Circle, Boca Raton, FL, the storage unit maintained for the Defendant by Addison Storage, 900 N.W. 1st Street, Boca Raton, FL,

4

and any safe deposit boxes maintained for the Defendant by Branch Banking and Trust Corporation, inspect the property therein, and seize any property of the Defendant therein, up to the amount of the Money Judgment, in anticipation of forfeiture as substitute assets.

5.      Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property and pursuant to Title 21, United States Code, Section 853, the Department of Treasury (or its designee) shall be authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "Department of Treasury," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

7.      Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant upon entry of this Order, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

8.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property. Any person, other than the Defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5

9.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.    Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

12.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

13.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14.    The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief, Asset Forfeiture Unit, One St. Andrew's Plaza, New York 10007.

15.   The signature page of this Order may be executed in one or more counterparts and transmitted by electronic means or facsimile, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney
for the Southern District of New York

By: _____        11/7/12
    Paul M. Monteleoni                       Date
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219

JOHN MATTERA
Defendant

By: _____        11/07/12
    Carl F. Schoeppl, Esq.                   Date
    Attorney for the Defendant
    Schoeppl & Burke, P.A.
    4651 North Federal Highway
    Boca Raton, Florida 33431
    Tel.: (561) 394-8301

SO ORDERED:

_____            11/7/12
HONORABLE RICHARD J. SULLIVAN               Date
UNITED STATES DISTRICT JUDGE

7

# Exhibit B

PREET BHARARA
United States Attorney for the
Southern District of New York
By: PAUL M. MONTELEONI
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2219

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA,                    DECLARATION OF PUBLICATION
                                     :
           -v.-                              12 Cr. 127 (RJS)
                                     :
JOHN A. MATTERA,
                                     :
           Defendant.
                                     :
- - - - - - - - - - - - - - - - - - x

           I, PAUL M. MONTELEONI, pursuant to Title 28, United

States Code, Section 1746, hereby declare under the penalty of

perjury that:

           I am an Assistant United States Attorney in the office

of the United States Attorney for the Southern District of New

York; and

           Attached to this declaration are (1) a true and correct

copy of a notice of criminal forfeiture in this action, and (2) a

true and correct copy of an Advertisement Certification Report,

indicating that the aforementioned notice was posted on an

official government internet site (www.forfeiture.gov) for at

least 30 consecutive days, beginning on November 27, 2012, as

required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions; and

Both documents referenced-above were obtained from a Consolidated Asset Tracking System maintained by the Department of Justice.

Dated: New York, New York
January 17, 2013

PAUL M. MONTELEONI
Assistant United States Attorney

2

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## COURT CASE NUMBER: 12 CR. 127 (RJS); NOTICE OF FORFEITURE

Notice is hereby given that on November 07, 2012, in the case of U.S. v. John A. Mattera, Court Case Number 12 CR. 127 (RJS), the United States District Court for the Southern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America (12-IRS-000058);

any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America (12-IRS-000059);

any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation (12-IRS-000060);

any and all Funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation (12-IRS-000061);

any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American Service Transmittals Inc., Facebook Escrow Account at Branch Banking and Trust Corporation (12-IRS-000062);

any and all funds on deposit in Account No. 146652499 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc., Groupon Escrow Account at Branch Banking and Trust Corporation (12-IRS-000063);

any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust (12-IRS-000064);

any and all funds on deposit in Account No. 148852480 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Groupon Escrow Account, at Branch Banking and Trust Corporation (12-IRS-000065);

any and all funds on deposit in Account No. 148852502 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc, Groupon Escrow Account at Branch Banking and Trust Corporation (12-IRS-000066);

any and all funds on deposit in Account No. 148277400 held in the name of Rhino Capital Inc. at Branch Banking and Trust Corporation (12-IRS-000067);

any and all funds on deposit in Account No. 148561702 held in the name of Rhino Capital Inc. at Branch Banking and Trust Corporation (12-IRS-000068);

any and all funds on deposit in Account No. 1100003483701 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation (12-IRS-000069);

any and all funds on deposit in Account No. 1100003483728 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation (12-IRS-000070);

any and all funds on deposit in Account No. 9117638920 held in the name of Mattera Asset Management Corporation at Citibank (12-IRS-000071);

any and all funds on deposit in Account No. 6700-0901 held in the Name of Ann Mattera at E*Trade Securities LLC (12-IRS-000073);

any and all funds on deposit in Account No. 824111348 held in the name of Boss International Marketing at JPMorgan Chase Bank (12-IRS-000074);

any and all funds on deposit in Account No. 881459630 held in the name of Mattera Asset Management Corporation at JPMorgan Chase Bank (12-IRS-000075);

any and all funds on deposit in Account No. 862-357750 held in the name of Lan T. Phan at TD Ameritrade (12-IRS-000076);

any and all funds on deposit in Account No. 121014864 held in the name of Rhino Island Capital at Paradise Bank (12-IRS-000077);

all right, title and interest in one 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (12-IRS-001933); and

all right, title and interest in the sum of $25,000 in United States Currency posted as part of the Defendant's bail (13-IRS-000073)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (November 27, 2012) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY 10007, and a copy served upon Assistant United States Attorney Paul Monteleoni, One St. Andrew's Plaza, New York, NY 10007. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.



**Advertisement Certification Report**

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between November 27, 2012 and December 26, 2012. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. John A. Mattera

**Court Case No:**      12 CR. 127 (RJS)
**For Asset ID(s):**    See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 11/27/2012 | 24.0 | Verified |
| 2 | 11/28/2012 | 24.0 | Verified |
| 3 | 11/29/2012 | 24.0 | Verified |
| 4 | 11/30/2012 | 23.9 | Verified |
| 5 | 12/01/2012 | 23.9 | Verified |
| 6 | 12/02/2012 | 23.9 | Verified |
| 7 | 12/03/2012 | 24.0 | Verified |
| 8 | 12/04/2012 | 24.0 | Verified |
| 9 | 12/05/2012 | 24.0 | Verified |
| 10 | 12/06/2012 | 23.8 | Verified |
| 11 | 12/07/2012 | 24.0 | Verified |
| 12 | 12/08/2012 | 24.0 | Verified |
| 13 | 12/09/2012 | 24.0 | Verified |
| 14 | 12/10/2012 | 24.0 | Verified |
| 15 | 12/11/2012 | 24.0 | Verified |
| 16 | 12/12/2012 | 24.0 | Verified |
| 17 | 12/13/2012 | 23.5 | Verified |
| 18 | 12/14/2012 | 24.0 | Verified |
| 19 | 12/15/2012 | 24.0 | Verified |
| 20 | 12/16/2012 | 23.9 | Verified |
| 21 | 12/17/2012 | 24.0 | Verified |
| 22 | 12/18/2012 | 24.0 | Verified |
| 23 | 12/19/2012 | 23.9 | Verified |
| 24 | 12/20/2012 | 23.8 | Verified |
| 25 | 12/21/2012 | 24.0 | Verified |
| 26 | 12/22/2012 | 24.0 | Verified |
| 27 | 12/23/2012 | 24.0 | Verified |
| 28 | 12/24/2012 | 23.8 | Verified |
| 29 | 12/25/2012 | 24.0 | Verified |
| 30 | 12/26/2012 | 24.0 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.

# Exhibit
# C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2013

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

David R. Chase, Esq.
Counsel to Lan T. Phan
David R. Chase, P.A.
1700 East Las Olas Boulevard, Suite 305
Fort Lauderdale, FL 33301

> Re:   United States v. John A. Mattera
>       12 Cr. 127 (RJS)

Dear Mr. Chase:

Enclosed is a copy of the Amended Consent Preliminary Order of Forfeiture as to Specific Property that has been entered in the above-referenced case. Should your client wish to assert a legal interest in the property which has been ordered forfeited to the United States, a petition for a hearing to adjudicate the validity of your client's alleged interest in the property must be filed within thirty-five days of the date of this letter.

Pursuant to Title 21, United States Code, Section 853(n)(3), such a petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the claim, and the relief sought.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
Paul M. Monteleoni
Assistant United States Attorney
Tel. No.: (212) 637-2219
Fax No.: (212) 637-0421

Enclosure



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance...

For delivery information visit our web...

OFFICI

Postage $

Certified Fee

Return Reciept Fee
(Endorsement Requir...

Restricted Deli...
(Endorsement...

Total...

David R. Chase, Esq.
Counsel to Lan T. Phan
David R. Chase, P.A.
1700 East Las Olas Boulevard, Suite 305
Fort Lauderdale, FL 33301

Postmark
Here

Street,
or PO B...

City, State...

PS Form 3800, June...

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>David Chase  1/05/10 |
| 1. Article Addressed to:<br><br>David R. Chase, Esq.<br>Counsel to Lan T. Phan<br>David R. Chase, P.A.<br>1700 East Las Olas Boulevard, Suite 305<br>Fort Lauderdale, FL 33301 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0000 4030 9422 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2013

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

Ann A. Mattera
P.O. Box 861
Boca Raton, FL 33429

       Re:  <u>United States v. John A. Mattera</u>
           12 Cr. 127 (RJS)

Dear Ms. Mattera:

       Enclosed is a copy of the Amended Consent Preliminary Order of
Forfeiture as to Specific Property that has been entered in the above-
referenced case.  Should you wish to assert a legal interest in the property
which has been ordered forfeited to the United States, a petition for a
hearing to adjudicate the validity of your alleged interest in the property
must be filed within thirty-five days of the date of this letter.

       Pursuant to Title 21, United States Code, Section 853(n)(3), such
a petition shall be signed by the petitioner under penalty of perjury and
shall set forth the nature and extent of the petitioner's right, title, or
interest in the property, the time and circumstances of the petitioner's
acquisition of the right, title, or interest in the property, any additional
facts supporting the claim, and the relief sought.

                       Respectfully,

                       PREET BHARARA
                       United States Attorney

By: *Paul Monteleoni*
       Paul M. Monteleoni
       Assistant United States Attorney
       Tel. No.: (212) 637-2219
       Fax No.: (212) 637-0421

Enclosure

## U.S. Postal Service
## CERTIFIED MAIL␣ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark
Here

Sent To

Ann A. Mattera
P.O. Box 861
Boca Raton, FL 33429

*Street, Apt. No.;*
*or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, June 2002          See Reverse for Instructions

7003 2260 0000 4030 9439

---

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ann A. Mattera
P.O. Box 861
Boca Raton, FL 33429

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

Ann. A Mattera   1/28/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Certified Mail
- ☐ Registered
- ☐ Insured Mail
- ☐ Express Mail
- ☐ Return Receipt for Merchandise
- ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
(*Transfer from service label*)

7003 2260 0000 4030 9439

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2013

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

Ann A. Mattera
148 Tilford G
Deerfield Beach, FL 33442

          Re:     United States v. John A. Mattera
                  12 Cr. 127 (RJS)

Dear Ms. Mattera:

          Enclosed is a copy of the Amended Consent Preliminary Order of
Forfeiture as to Specific Property that has been entered in the above-
referenced case.  Should you wish to assert a legal interest in the property
which has been ordered forfeited to the United States, a petition for a
hearing to adjudicate the validity of your alleged interest in the property
must be filed within thirty-five days of the date of this letter.

          Pursuant to Title 21, United States Code, Section 853(n)(3), such
a petition shall be signed by the petitioner under penalty of perjury and
shall set forth the nature and extent of the petitioner's right, title, or
interest in the property, the time and circumstances of the petitioner's
acquisition of the right, title, or interest in the property, any additional
facts supporting the claim, and the relief sought.

                              Respectfully,

                              PREET BHARARA
                              United States Attorney

                         By: _____
                              Paul M. Monteleoni
                              Assistant United States Attorney
                              Tel. No.:  (212) 637-2219
                              Fax No.:   (212) 637-0421

Enclosure

Rm 339
**U.S. Department of Justice**
**United States Attorneys Office**
*Southern District of New York*

*One Saint Andrew's Plaza*
*New York, NY 10007*

Official Business

A Da Silva



CERTIFIED MAIL

7003 2260 0000 4030 9415

US POSTAGE
U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $ 01.10
$300
FP ★ ★ ★   1STCLASS RT
Mailed From 10007
01/18/2013
031A 0005510058



ATTEMPTED NOT KNOWN

Ann A. Mattera
148 Tilford G
Deerfield Beach, FL 33442

NO
SUCH
PERSON

AT
GATE



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2013

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

Ann A. Mattera
5140 Congress Avenue
Boca Raton, FL 33487

      Re:  <u>United States v. John A. Mattera</u>
           12 Cr. 127 (RJS)

Dear Ms. Mattera:

      Enclosed is a copy of the Amended Consent Preliminary Order of
Forfeiture as to Specific Property that has been entered in the above-
referenced case.  Should you wish to assert a legal interest in the property
which has been ordered forfeited to the United States, a petition for a
hearing to adjudicate the validity of your alleged interest in the property
must be filed within thirty-five days of the date of this letter.

      Pursuant to Title 21, United States Code, Section 853(n)(3), such
a petition shall be signed by the petitioner under penalty of perjury and
shall set forth the nature and extent of the petitioner's right, title, or
interest in the property, the time and circumstances of the petitioner's
acquisition of the right, title, or interest in the property, any additional
facts supporting the claim, and the relief sought.

                    Respectfully,

                    PREET BHARARA
                    United States Attorney

By:                                 
                  Paul M. Monteleoni
                  Assistant United States Attorney
                  Tel. No.: (212) 637-2219
                  Fax No.: (212) 637-0421

Enclosure

KM 551

U.S. Department o
United States Attor
Southern District o

One Saint Andrew's Plaza
New York, NY 10007

Official Business

7003 2260 0000 4030 9446

★ ★ ★
U.S. OFFICIAL MAIL  US POSTAGE
PENALTY FOR
PRIVATE USE    $ 06.77
$300
FP ★ ★ ★
Mailed From 10007
02/04/2013
031A 0005510058

Ann A. Mattera
5140 Congress Avenue
Boca Raton, FL 33487

RETURNED TO SENDER

UNCLAIMED

RETURNED TO SENDER

UNCLAIMED

# Exhibit D

************** -JOURNAL- ************************* DATE MAR-13-2013 ***** TIME 10:45 *** P.04

NO. COMM. PAGES    FILE  DURATION  X/R    IDENTIFICATION          DATE     TIME      DIAGNOSTIC

| NO. | COMM. | PAGES | FILE | DURATION | X/R | IDENTIFICATION | DATE | TIME | DIAGNOSTIC |
|---|---|---|---|---|---|---|---|---|---|
| 008 | OK | 010 | 104 | 00:01:28 | RCV | | MAR-13 | 10:12 | 0407C0000BCD0 |

***** UF-7000 v2 ******************** –            – ***** –            – *********



**Tumminia Internal Medicine**
Board Certified Internal Medicine
Dr Louis G. Tumminia and Daniel Finegan, PA-C

5130 Linton Blvd                    (561)498-8891
Suite E2
Delray Beach, FL 33484              FAX (561)498-8031

March 12, 2013

RE: Ann Mattera
DOB: 11/08/1939

To whom it may concern,

My patient is a 73 year old woman who has a medical history of brain tumors, COPD, GERD, Diverticulitis and other conditions that have been subsided through my care. Ms. Mattera has been through other personal issues that intensified her stress. All her medical conditions have improved over time.

It is in my professional opinion that you allow her this opportunity to address any current issues she is encountering.

Please contact my office if you have any questions or concerns.

Sincerely,

Louis G. Tumminia, D.O.

Paul Monteleoni

Assistant United States Attorney

One St. Andrew's Plaza

New York, New York 1007

I Ann Mattera assert my Legal Interest in the following:

        Mattera Asset Management Bank acct#881459630 at JP Morgan Chase

        Ann Mattera acct# 6700 0901 at ETrade Securities

        Mattera Asset Management acct # 9117638920 at Citibank

        Mattera Asset Management Acct# 110000 3483701 at BB&T Bank

        Mattera Asset Management Acct# 110000 3483728 at BB&T Bank

I signed for the letter and my disability (had a seizure) and I did not remember to send the fax.

Respectfully

*Ann Mattera*

Ann Mattera



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2013

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

Ann A. Mattera
P.O. Box 861
Boca Raton, FL 33429

        Re:   United States v. John A. Mattera
              12 Cr. 127 (RJS)

Dear Ms. Mattera:

        Enclosed is a copy of the Amended Consent Preliminary Order of
Forfeiture as to Specific Property that has been entered in the above-
referenced case.  Should you wish to assert a legal interest in the property
which has been ordered forfeited to the United States, a petition for a
hearing to adjudicate the validity of your alleged interest in the property
must be filed within thirty-five days of the date of this letter.

        Pursuant to Title 21, United States Code, Section 853(n)(3), such
a petition shall be signed by the petitioner under penalty of perjury and
shall set forth the nature and extent of the petitioner's right, title, or
interest in the property, the time and circumstances of the petitioner's
acquisition of the right, title, or interest in the property, any additional
facts supporting the claim, and the relief sought.

                                    Respectfully,

                                    PREET BHARARA
                                    United States Attorney

                              By:   _____
                                    Paul M. Monteleoni
                                    Assistant United States Attorney
                                    Tel. No.:  (212) 637-2219
                                    Fax No.:   (212) 637-0421

Enclosure

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 11|8|2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    - against -

JOHN A. MATTERA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AMENDED CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY**

12 Cr. 127 (RJS)

WHEREAS, on February 8, 2012, JOHN A. MATTERA (the "Defendant"), was charged in a four-count Indictment, 12 Cr. 127 (RJS) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment;

WHEREAS, on October 2, 2012, the Defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, all property, real and personal, which

constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to: (i) a sum of money equal to $13,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses; and (ii) all right, title and interest of the Defendant in the following specific property: (a) $25,000 cash (the "Cash") (posted as part of the Defendant's bail); and (b) 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (the "Vehicle") (securing Defendant's Bail);[1]

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of at least $11,800,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Three of the Indictment and the Defendant further consents to the forfeiture of all his right, title, and interest in the following:

a. the Cash;

b. the Vehicle;

c. any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America;

d. any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America;

e. any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation;

f. any and all funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation;

g. any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust Corporation;

h. any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American Service Transmittals Inc., Facebook Escrow Account at Branch Banking and Trust Corporation;

i. any and all funds on deposit in Account No. 148852430 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

---

[1] Although the defendant also attempted to enter a plea of guilty to Count Four of the Indictment, and admitted the associated forfeiture allegation, on October 2, 2012, because the Court has not as of this time accepted the plea as to that count, the parties do not rely on the disposition of Count Four in this Amended Consent Preliminary Order of Forfeiture as to Specific Property.

j.   any and all funds on deposit in Account No. 146652499 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

k.   any and all funds on deposit in Account No. 148852502 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc. Groupon Escrow Account at Branch Banking and Trust Corporation;

l.   any and all funds on deposit in Account No. 148277400 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

m.   any and all funds on deposit in Account No. 148561702 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

n.   any and all funds on deposit in Account No. 1100003483701 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation;

o.   any and all funds on deposit in Account No. 1100003483728 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation;

p.   any and all funds on deposit in Account No. 9117638920 held in the name of Mattera Asset Management Corporation at Citibank;

q.   any and all funds on deposit in Account No. 824111348 held in the name of Boss International Marketing at JPMorgan Chase Bank;

r.   any and all funds on deposit in Account No. 881459630 held in the name of Mattera Asset Management Corporation at JPMorgan Chase Bank;

s.   any and all funds on deposit in Account No. 121014864 held in the name of Rhino Island Capital at Paradise Bank;

t.   any and all funds on deposit in Account No. 862-357750 held in the name of Lan T. Phan at TD Ameritrade; and

u.   any and all funds on deposit in Account No. 6700-0901 held in the name of Ann Mattera at E*Trade Securities LLC;

(collectively, the "Specific Property");

WHEREAS, the Defendant agrees that the Specific Property is forfeitable to the United States because the Specific Property constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32. 2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Property becoming final as to his interests prior to sentencing; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce any and all of the Specific Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Paul M. Monteleoni, of counsel, and the Defendant, and his counsel, Carl F. Schoeppl, Esq. that:

1.      As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $11,800,000 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2.      All of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

3.      This Consent Preliminary Order of Forfeiture as to Specific Property is without prejudice to the right of the United States to seek an additional order of forfeiture including an additional money judgment of up to $1,200,000 (a "Second Money Judgment"), so that the Money Judgment and the Second Money Judgment, if any, total the $13,000,000 that the Defendant agreed to forfeit in his plea agreement.

4.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the Department of Treasury (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control, and is also authorized to enter the Defendant's residence at 455 East Palmetto Park Road, Boca Raton, FL (Apartment 4W as well as, for the purpose of inspecting and seizing the Vehicle, any area where the Vehicle is parked); the storage unit maintained for the Defendant by Eire Companies, 6453 W. Rogers Circle, Boca Raton, FL, the storage unit maintained for the Defendant by Addison Storage, 900 N.W. 1st Street, Boca Raton, FL,

4

and any safe deposit boxes maintained for the Defendant by Branch Banking and Trust Corporation, inspect the property therein, and seize any property of the Defendant therein, up to the amount of the Money Judgment, in anticipation of forfeiture as substitute assets.

5.     Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property and pursuant to Title 21, United States Code, Section 853, the Department of Treasury (or its designee) shall be authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "Department of Treasury," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

7.     Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant upon entry of this Order, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

8.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property. Any person, other than the Defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.      Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

12.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

13.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14.      The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief, Asset Forfeiture Unit, One St. Andrew's Plaza, New York 10007.

15. The signature page of this Order may be executed in one or more counterparts and transmitted by electronic means or facsimile, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney
for the Southern District of New York

By: _____     11/7/12
Paul M. Monteleoni                 Date
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2219

JOHN MATTERA
Defendant

By: _____     11/07/12
Carl F. Schoeppl, Esq.             Date
Attorney for the Defendant
Schoeppl & Burke, P.A.
4651 North Federal Highway
Boca Raton, Florida 33431
Tel.: (561) 394-8301

SO ORDERED:

_____     11/7/12
HONORABLE RICHARD J. SULLIVAN     Date
UNITED STATES DISTRICT JUDGE