USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/14

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :    PRELIMINARY ORDER
                                  :    OF FORFEITURE AS TO
        - v. -                    :    SUBSTITUTE ASSETS
                                  :    12 Cr. 127 (RJS)
JOHN A. MATTERA,                  :
            Defendant.            :
                                  :
- - - - - - - - - - - - - - - - X

WHEREAS, on February 8, 2012, JOHN A. MATTERA (the "Defendant") was charged in a four-count Indictment, 12 Cr. 127 (RJS) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment (the "Forfeiture Allegation");

WHEREAS, on October 2, 2012, the Defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the Forfeiture Allegation with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to: (i) a sum of money equal to $13,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses; and (ii) all right, title and interest of the Defendant in the following specific property: (a) $25,000 cash (the "Cash") (posted as part of the Defendant's bail); and (b) 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (the "Vehicle") (securing Defendant's Bail);

WHEREAS, on or about November 8, 2012, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property (the "Consent Order of Forfeiture"), which (i) imposed a money judgment against the Defendant, in the amount of

$11,800,000 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses charged in Counts One through Three of the Indictment (the "Money Judgment"), and (ii) ordered the forfeiture to the United States of all of the Defendant's right, title, and interest in the following:

- a. the Cash;
- b. the Vehicle;
- c. any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America;
- d. any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America;
- e. any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation;
- f. any and all funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation;
- g. any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust Corporation;
- h. any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American Service Transmittals Inc., Facebook Escrow Account at Branch Banking and Trust Corporation;

i.  any and all funds on deposit in Account No. 148852480 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

j.  any and all funds on deposit in Account No. 146652499 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

k.  any and all funds on deposit in Account No. 148852502 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc, Groupon Escrow Account at Branch Banking and Trust Corporation;

l.  any and all funds on deposit in Account No. 148277400 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

m.  any and all funds on deposit in Account No. 148561702 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

n.  any and all funds on deposit in Account No. 1100003483701 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation;

o.  any and all funds on deposit in Account No. 1100003483728 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation;

p.  any and all funds on deposit in Account No. 9117638920 held in the name of Mattera Asset Management Corporation at Citibank;

q.  any and all funds on deposit in Account No. 824111348 held in the name of Boss International Marketing at JPMorgan Chase Bank;

r. any and all funds on deposit in Account No. 881459630 held in the name of Mattera Asset Management Corporation at JPMorgan Chase Bank;

s. any and all funds on deposit in Account No. 121014864 held in the name of Rhino Island Capital at Paradise Bank;

t. any and all funds on deposit in Account No. 862-357750 held in the name of Lan T. Phan at TD Ameritrade; and

u. any and all funds on deposit in Account No. 6700-0901 held in the name of Ann Mattera at E*Trade Securities LLC;

WHEREAS, the Consent Order of Forfeiture also provided for, among other things, the Department of Treasury (or its designee) to enter the Defendant's residence at 455 East Palmetto Park Road, Apartment 4W, Boca Raton, Florida ("455 East Palmetto"); the storage unit maintained for the Defendant by Eire Companies at 6453 W. Rogers Circle, Boca Raton, Florida ("6453 W. Rogers Circle"); and the storage unit maintained for the Defendant by Addison Storage at 900 N.W. 1st Street, Boca Raton, Florida ("900 N.W. 1st Street"), for the purpose to inspecting the property therein, and seize any property of the Defendant therein, up to the amount of the Money Judgment, for forfeiture as substitute assets;

WHEREAS, on or about November 14, 2012, members of the Department of Treasury seized the following items from 455 East Palmetto:

a. Painting: Zavaleta – 2 Females and Mandolin;

b. Painting: Zavaleta - 2 Females - Standing;

c. Print: Giclee abstract in blue with spots of red and green;

d. Framed Silk Hermes Scarf "L'ombrelle Macique";

e. Framed Silk Hermes Scarf "Cent Plis De Miao";

f. Painting: Kirton-Smith - "Three Dancers";

g. Painting: Zavaleta - "Two Entwined & Drinking";

h. Framed Silk Hermes Scarf "Ex Libris en Camouflage";

i. Framed Silk Hermes Scarf "Clic Cloic";

j. Painting: Kirton-Smith - Dancing Couple, Blue;

k. Painting: Kirton-Smith - Dancing Couple, Red;

l. Painting: JC - Abstract with elongated extremities;

m. White Specialized Bike - Cross Trail;

n. Black Specialized Bike - Transition Expert;

o. Orange Specialized Bike;

p. Black Cannondale Bike - Taiwan Mfg;

q. Bust: Chikembirike - "Foreteller";

r. One Fender "Crash" Guitar;

s. Glass Sculpture: Folded Vase - Blue/Red/Green;

t. Gary Felt Bike - F5-56 Green;

u. Painting: Niko - "Bella Lima";

v. Ferrari 156 Sharknose Model - Pewter & Autograph;

w. One AMESC Safe; and

x. Painting: John Crash Matos - "Unhinged".

(collectively, the "Specific Property-1");

WHEREAS, on or about November 14, 2012, members of the Department of Treasury seized the following items from 900 N.W. 1st Street:

 a. Painting: Ansn – European Street Scene;

 b. Painting: JC – Portrait Head of Female;

 c. Painting: JC – Bust of Female;

 d. Painting: John Crash Matos – "Eye & Chain";

 e. Prints (2): Gillette – Three heads in Profile & One framed Newspaper Article celebrating Bikram Yoga;

 f. Painting: John Crash Matos – "Simply Crash";

 g. Print & Embroidery: Mattera Family Crest and Name History;

 h. Mixed Media Artworks (2): G Alexandra – Female Figures with poems and inscriptions;

 i. Paintings (2): John Crash Matos – "Royal Tea" & "Stamped for Life";

 j. Prints (2): Giclee – Geometric Shapes (reproduction");

 k. Painting: John Crash Matos – "Black F-1";

 l. Painting: John Crash Matos – "Red F-1";

 m. Bronze Statue: Golfer by Siliamg – 19/100;

 n. One Piece "Crash" Special Edition Luggage;

 o. One Piece "Crash" Special Edition Luggage; and

 p. One Fender Guitar Case.

(collectively, the "Specific Property-2");

WHEREAS, on or about November 14, 2012, members of the Department of Treasury seized the following items from 6453 W. Rogers Circle:

    a. Photo Reproduction: View from Hillside Balcony;

    b. Painting: S Lee – Still-Life – Urn with Flowers;

    c. Reproduction Poster: "Endless Summer";

    d. Painting: Petrilli – Harbor through Stone Archway;

    e. One Bag with Stamp Collection and Coins; and

    f. Fender Bullet 150 Amplifier.

(collectively, the "Specific Property-3");

WHEREAS, on or about November 30, 2011, members of the Department of Treasury seized any and all funds on deposit in Account No. 9117139296 held in the name of Ft. Lauderdale Investments, LLC (the "Account");

WHEREAS, the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite the exercise of due diligence, has been unable to locate the remainder of the proceeds of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the United States is authorized, pursuant to Federal Rule of Criminal Procedure 32.2, to seek the forfeiture

of the following assets of the Defendant, to be applied in partial satisfaction of the Money Judgment entered against him:

    a. Specific Property-1;

    b. Specific Property-2;

    c. Specific Property-3; and

    d. the Account;

(collectively, the "Substitute Assets");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Two, and Three of the Indictment, to which the Defendant pled guilty to, all of the Defendant's right, title, and interest in the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of

Forfeiture as to Substitute Assets, this Order is final as to the Defendant, JOHN A. MATTERA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

   3. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the Department of Treasury (or its designee) is authorized to seize the Substitute Assets and hold the Substitute Assets in its secure, custody, and control.

   4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Second Preliminary Order of Forfeiture as to Substitute Assets. Any person, other than the Defendant in this case, claiming an interest in any of the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in any of the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

8.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

9.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of

Forfeiture as to Substitute Assets, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Paul M. Monteleoni, One St. Andrew's Plaza, New York, New York 10007.

Dated:   New York, New York
         May 22, 2014

SO ORDERED:

HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE