Sullivan, R

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA        :       **SECOND FINAL ORDER OF FORFEITURE**
                                :
        - v. -                  :       12 Cr. 127 (RJS)
                                :       USDS SDNY
JOHN A. MATTERA,                :       DOCUMENT
                                :       ELECTRONICALLY FILED
        Defendant.              :       DOC #: _____
                                :       DATE FILED: **8/18/14**
- - - - - - - - - - - - - - - x

        WHEREAS, on February 8, 2012, JOHN A. MATTERA (the

"Defendant") was charged in a four-count Indictment, 12 Cr. 127

(RJS) (the "Indictment"), with conspiracy to commit securities

fraud and wire fraud, in violation of Title 18, United States

Code, Section 371 (Count One); securities fraud, in violation of

Title 15, United States Code, Sections 78j(b) and 78ff, Title

17, Code of Federal Regulations, Section 240.10b-5, and Title

18, United States Code, Section 2 (Count Two); wire fraud, in

violation of Title 18, United States Code, Sections 1343 and 2

(Count Three); and money laundering, in violation of Title 18,

United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count

Four);

        WHEREAS, the Indictment included a forfeiture

allegation as to Counts One through Four of the Indictment

seeking, pursuant to Title 18, United States Code, Sections

981(a)(1)(C) and 982, and Title 28, United States Code, Section

2461, the forfeiture of all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment;

WHEREAS, on October 2, 2012, the Defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, or is property involved in the money laundering offense, or is property traceable to such property, including but not limited to: (i) a sum of money equal to $13,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses; and (ii) all right, title and interest of the Defendant in the following specific property: (a) $25,000 cash (the "Cash") (posted as part of the Defendant's Bail); and (b) 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (the "Vehicle") (securing Defendant's Bail);

WHEREAS, on or about November 8, 2012, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property (the "Consent Order of Forfeiture"), which:

2

(i) imposed a money judgment against the Defendant, in the amount of $11,800,000 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses charged in Counts One through Three of the Indictment; and (ii) ordered the forfeiture to the United States of all of the Defendant's right, title, and interest in the following:

a.   the Cash;

b.   the Vehicle;

c.   any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America;

d.   any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America;

e.   any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation;

f.   any and all funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation;

g.   any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust Corporation;

h.   any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American Service Transmittals Inc., Facebook Escrow Account at Branch Banking and Trust Corporation;

3

i.  any and all funds on deposit in Account No. 148852480 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

j.  any and all funds on deposit in Account No. 146652499 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc., Groupon Escrow Account at Branch Banking and Trust Corporation;

k.  any and all funds on deposit in Account No. 148852502 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals, Inc, Groupon Escrow Account at Branch Banking and Trust Corporation;

l.  any and all funds on deposit in Account No. 148277400 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

m.  any and all funds on deposit in Account No. 148561702 held in the name of Rhino Island Capital Inc. at Branch Banking and Trust Corporation;

n.  any and all funds on deposit in Account No. 1100003483701 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation (the "3701 BB&T Account");

o.  any and all funds on deposit in Account No. 1100003483728 held in the name of Mattera Asset Management Inc. at Branch Banking and Trust Corporation (the "3728 BB&T Account");

p.  any and all funds on deposit in Account No. 9117638920 held in the name of Mattera Asset Management Corporation at Citibank (the "8920 Citibank Account");

q.  any and all funds on deposit in Account No. 824111348 held in the name of Boss International Marketing at JPMorgan Chase Bank;

r.   any and all funds on deposit in Account No. 881459630 held in the name of Mattera Asset Management Corporation at JPMorgan Chase Bank (the "9630 JPMorgan Account");

s.   any and all funds on deposit in Account No. 121014864 held in the name of Rhino Island Capital at Paradise Bank;

t.   any and all funds on deposit in Account No. 862-357750 held in the name of Lan T. Phan at TD Ameritrade; and

u.   any and all funds on deposit in Account No. 6700-0901 held in the name of Ann Mattera at E*Trade Securities LLC (the "0901 E*Trade Account");

(collectively, the "Specific Properties");

WHEREAS, the Consent Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Consent Order of Forfeiture, of the United States' intent to dispose the Specific Properties and the requirement that any person asserting a legal interest in the Specific Properties file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  The Consent Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties;

WHEREAS, notice of the Consent Order of Forfeiture and the intent of the United States to dispose of the Specific Properties was published on www.forfeiture.gov, the official

United States government internet site, beginning on November 27, 2012 and for thirty (30) consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication was filed on January 17, 2013;

WHEREAS, between January 17, 2013 and February 1, 2013, notice of the Consent Order of Forfeiture was sent by certified mail, return receipt requested, to: David R. Chase, Esq., counsel for the Lan T. Phan, at David R. Chase, P.A., 1700 East Las Olas Boulevard, Suite 305, Fort Lauderdale, Florida 33301; Ann A. Mattera, at P.O. Box 861, Boca Raton, Florida 33429; Ann A. Mattera, at 148 Tilford G, Deerfield Beach, Florida 33442; and Ann A. Mattera, at 5140 Congress Avenue, Boca Raton, Florida 33487;

WHEREAS, the Defendant and the individuals listed above are the only persons known by the Government to have a potential interest in the Specific Properties;

WHEREAS, on or about March 13, 2013, Ann Mattera faxed a letter to the United States Attorney's Office asserting an interest in the following (the "Ann Mattera Letter"):

    a.    the 3701 BB&T Account;

    b.    the 3728 BB&T Account;

    c.    the 8920 Citibank Account;

    d.    the 9630 JPMorgan Account; and

6

e. the 0901 E*Trade Account;

WHEREAS, the Government has made an application to the Court to have the Ann Mattera Letter deemed improper;

WHEREAS, Ann Mattera has not properly filed a petition in this action contesting the forfeiture of the Specific Properties;

WHEREAS, on or about August 26, 2013, the Court entered a Final Order of Forfeiture, forfeiting the Specific Properties to the United States of America;

WHEREAS, on or about May 27, 2014, the Court entered an Preliminary Order of Forfeiture as to Substitute Assets (the "Preliminary Order of Forfeiture") (attached hereto as Exhibit A), which ordered the forfeiture to the United States of all of the Defendant's right, title, and interest in:

a. the following items seized on or about November 14, 2012 by members of the Department of Treasury from the Defendant's residence at 455 East Palmetto Park Road, Apartment 4W, Boca Raton, Florida:

    i.   Painting: Zavaleta - 2 Females and Mandolin;

    ii.  Painting: Zavaleta - 2 Females - Standing;

    iii. Print: Giclee abstract in blue with spots of red and green;

    iv.  Framed Silk Hermes Scarf "L'ombrelle Macique";

7

v.   Framed  Silk  Hermes  Scarf  "Cent  Plis  De Miao";

vi.  Painting: Kirton-Smith - "Three Dancers";

vii. Painting:  Zavaleta  -  "Two  Entwined  & Drinking";

viii.    Framed Silk Hermes Scarf "Ex Libris en Camouflage";

ix.  Framed Silk Hermes Scarf "Clic Cloic";

x.   Painting:  Kirton-Smith  -  Dancing  Couple, Blue;

xi.  Painting:  Kirton-Smith  -  Dancing  Couple, Red;

xii. Painting:  JC  -  Abstract  with  elongated extremities;

xiii.    White Specialized Bike - Cross Trail;

xiv. Black Specialized Bike - Transition Expert;

xv.  Orange Specialized Bike;

xvi. Black Cannondale Bike - Taiwan Mfg;

xvii. Bust: Chikembirike - "Foreteller";

xviii.    One Fender "Crash" Guitar;

xix. Glass    Sculpture:    Folded    Vase    - Blue/Red/Green;

xx.  Gary Felt Bike - F5-56 Green;

xxi. Painting: Niko - "Bella Lima";

xxii. Ferrari  156  Sharknose  Model  -  Pewter  & Autograph;

8

   xxiii.  One AMESC Safe; and

   xxiv.  Painting:  John  Crash  Matos  – "Unhinged";

  b.  the following items seized on or about November 14, 2012 by members of the Department of Treasury from a storage unit maintained for the Defendant by Addison Storage at 900 N.W. 1st Street, Boca Raton, Florida:

   i.  Painting: Ansn – European Street Scene;

   ii.  Painting: JC – Portrait Head of Female;

   iii. Painting: JC – Bust of Female;

   iv.  Painting: John Crash Matos – "Eye & Chain";

   v.  Prints (2): Gillette – Three heads in Profile & One framed Newspaper Article celebrating Bikram Yoga;

   vi.  Painting: John Crash Matos – "Simply Crash";

   vii. Print & Embroidery: Matter Family Crest and Name History;

   viii. Mixed Media Artworks (2): G Alexandra – Female Figures with poems and inscriptions;

   ix.  Paintings (2): John Crash Matos – "Royal Tea" & "Stamped for Life";

   x.  Prints (2): Giclee – Geometric Shapes (reproduction");

   xi.  Painting: John Crash Matos – "Black F-1";

   xii. Painting: John Crash Matos – "Red F-1";

   xiii. Bronze Statue: Golfer by Siliamg – 19/100;

   xiv. One Piece "Crash" Special Edition Luggage;

                    xv.   One Piece "Crash" Special Edition Luggage;
                          and

                    xvi. One Fender Guitar Case;

          c.    the following items seized on or about November
14, 2012 by members of the Department of Treasury from a storage
unit maintained for the Defendant by Eire Companies at 6453 W.
Rogers Circle, Boca Raton, Florida:

                    i.    Photo  Reproduction:  View  from  Hillside
                          Balcony;

                    ii.   Painting:  S  Lee  -  Still-Life  -  Urn  with
                          Flowers;

                    iii.  Reproduction Poster: "Endless Summer";

                    iv.   Painting:  Petrilli  -  Harbor  through  Stone
                          Archway;

                    v.    One Bag with Stamp Collection and Coins; and

                    vi.   Fender Bullet 150 Amplifier;

          d.    any  and  all  funds  on  deposit  in  Account  No.
9117139296 held in the name of Ft. Lauderdale Investments, LLC,
seized  on  or  about  November  30,  2011  by  members  of  the
Department of Treasury;

(collectively, the "Substitute Properties");

          WHEREAS, the Preliminary Order of Forfeiture directed
the  United  States  to  publish,  for  at  least  thirty  (30)
consecutive days, notice of the Preliminary Order of Forfeiture,
of  the  United  States'  intent  to  dispose  the  Substitute

                                10

Properties and the requirement that any person asserting a legal interest in the Substitute Properties file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Properties;

WHEREAS, notice of the Preliminary Order of Forfeiture and the intent of the United States to dispose of the Substitute Properties was published on www.forfeiture.gov, the official United States government internet site, beginning on June 4, 2014 and for thirty (30) consecutive days thereafter, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of publication was filed on July 23, 2014 (attached hereto as Exhibit B);

WHEREAS, the Defendant is the only individual known by the Government to have a potential interest in the Substitute Properties;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to forfeited property if no petitions for a hearing to contest the

11

forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2); and

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture of the Substitute Properties have been filed;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title, and interest in the Substitute Properties is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Substitute Properties.

3.    The Department of Treasury (or its designee) shall take possession of the Substitute Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

12

4.   The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated:    New York, New York
          August 18, 2014

SO ORDERED:


_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# Exhibit A

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/14

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :     PRELIMINARY ORDER
                                              OF FORFEITURE AS TO
                - v. -                   :     SUBSTITUTE ASSETS

JOHN A. MATTERA,                        :     12 Cr. 127 (RJS)

                Defendant.              :

- - - - - - - - - - - - - - - - X

WHEREAS, on February 8, 2012, JOHN A. MATTERA (the "Defendant") was charged in a four-count Indictment, 12 Cr. 127 (RJS) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment (the "Forfeiture Allegation");

WHEREAS, on October 2, 2012, the Defendant pled guilty to Counts One, Two, and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the Forfeiture Allegation with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to: (i) a sum of money equal to $13,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses; and (ii) all right, title and interest of the Defendant in the following specific property: (a) $25,000 cash (the "Cash") (posted as part of the Defendant's bail); and (b) 2010 Ferrari Italia VIN Number ZFF67NFA3A0175042 (the "Vehicle") (securing Defendant's Bail);

WHEREAS, on or about November 8, 2012, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property (the "Consent Order of Forfeiture"), which (i) imposed a money judgment against the Defendant, in the amount of

2

$11,800,000 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses charged in Counts One through Three of the Indictment (the "Money Judgment"), and (ii) ordered the forfeiture to the United States of all of the Defendant's right, title, and interest in the following:

     a.   the Cash;

     b.   the Vehicle;

     c.   any and all funds on deposit in Account No. 898040487028 held in the name of First American Service Transmittals Inc. at Bank of America;

     d.   any and all funds on deposit in Account No. 898040487387 held in the name of First American Service Transmittals Inc. at Bank of America;

     e.   any and all funds on deposit in Account No. 147672292 held in the name of BNF Rhino Island Capital Inc, AGT First American Service Transmittals Inc., EPT Escrow Account at Branch Banking and Trust Corporation;

     f.   any and all funds on deposit in Account No. 147672039 held in the name of BNF Rhino Island Capital, AGT First American Service Transmittals Inc., Escrow Account at Branch Banking and Trust Corporation;

     g.   any and all funds on deposit in Account No. 147671962 held in the name of First American Service Transmittals Inc., Admin Account at Branch Banking and Trust Corporation;

     h.   any and all funds on deposit in Account No. 147672314 held in the name of BNF Brookville Wilshire Fund Advertising, AGT First American Service Transmittals Inc., Facebook Escrow Account at Branch Banking and Trust Corporation;

3

i.      any and all funds on deposit in Account No.
148852480 held in the name of BNF Rhino Island
Capital, AGT First American Service Transmittals
Inc., Groupon Escrow Account at Branch Banking
and Trust Corporation;

j.      any and all funds on deposit in Account No.
146652499 held in the name of BNF Rhino Island
Capital, AGT First American Service Transmittals,
Inc., Groupon Escrow Account at Branch Banking
and Trust Corporation;

k.      any and all funds on deposit in Account No.
148852502 held in the name of BNF Rhino Island
Capital, AGT First American Service Transmittals,
Inc, Groupon Escrow Account at Branch Banking and
Trust Corporation;

l.      any and all funds on deposit in Account No.
148277400 held in the name of Rhino Island
Capital Inc. at Branch Banking and Trust
Corporation;

m.      any and all funds on deposit in Account No.
148561702 held in the name of Rhino Island
Capital Inc. at Branch Banking and Trust
Corporation;

n.      any and all funds on deposit in Account No.
1100003483701 held in the name of Mattera Asset
Management Inc. at Branch Banking and Trust
Corporation;

o.      any and all funds on deposit in Account No.
1100003483728 held in the name of Mattera Asset
Management Inc. at Branch Banking and Trust
Corporation;

p.      any and all funds on deposit in Account No.
9117638920 held in the name of Mattera Asset
Management Corporation at Citibank;

q.      any and all funds on deposit in Account No.
824111348 held in the name of Boss International
Marketing at JPMorgan Chase Bank;

4

> r.  any and all funds on deposit in Account No.
>     881459630 held in the name of Mattera Asset
>     Management Corporation at JPMorgan Chase Bank;
>
> s.  any and all funds on deposit in Account No.
>     121014864 held in the name of Rhino Island
>     Capital at Paradise Bank;
>
> t.  any and all funds on deposit in Account No. 862-
>     357750 held in the name of Lan T. Phan at TD
>     Ameritrade; and
>
> u.  any and all funds on deposit in Account No. 6700-
>     0901 held in the name of Ann Mattera at E*Trade
>     Securities LLC;

WHEREAS, the Consent Order of Forfeiture also provided for, among other things, the Department of Treasury (or its designee) to enter the Defendant's residence at 455 East Palmetto Park Road, Apartment 4W, Boca Raton, Florida ("455 East Palmetto"); the storage unit maintained for the Defendant by Eire Companies at 6453 W. Rogers Circle, Boca Raton, Florida ("6453 W. Rogers Circle"); and the storage unit maintained for the Defendant by Addison Storage at 900 N.W. 1st Street, Boca Raton, Florida ("900 N.W. 1st Street"), for the purpose to inspecting the property therein, and seize any property of the Defendant therein, up to the amount of the Money Judgment, for forfeiture as substitute assets;

WHEREAS, on or about November 14, 2012, members of the Department of Treasury seized the following items from 455 East Palmetto:

> a. Painting: Zavaleta - 2 Females and Mandolin;

5

b. Painting: Zavaleta - 2 Females - Standing;

c. Print: Giclee abstract in blue with spots of red and green;

d. Framed Silk Hermes Scarf "L'ombrelle Macique";

e. Framed Silk Hermes Scarf "Cent Plis De Miao";

f. Painting: Kirton-Smith - "Three Dancers";

g. Painting: Zavaleta - "Two Entwined & Drinking";

h. Framed Silk Hermes Scarf "Ex Libris en Camouflage";

i. Framed Silk Hermes Scarf "Clic Cloic";

j. Painting: Kirton-Smith - Dancing Couple, Blue;

k. Painting: Kirton-Smith - Dancing Couple, Red;

l. Painting: JC - Abstract with elongated extremities;

m. White Specialized Bike - Cross Trail;

n. Black Specialized Bike - Transition Expert;

o. Orange Specialized Bike;

p. Black Cannondale Bike - Taiwan Mfg;

q. Bust: Chikembirike - "Foreteller";

r. One Fender "Crash" Guitar;

s. Glass Sculpture: Folded Vase - Blue/Red/Green;

t. Gary Felt Bike - F5-56 Green;

u. Painting: Niko - "Bella Lima";

v. Ferrari 156 Sharknose Model - Pewter & Autograph;

w. One AMESC Safe; and

x. Painting: John Crash Matos - "Unhinged".

6

(collectively, the "Specific Property-1");

WHEREAS, on or about November 14, 2012, members of the Department of Treasury seized the following items from 900 N.W. 1st Street:

a. Painting: Ansn – European Street Scene;

b. Painting: JC – Portrait Head of Female;

c. Painting: JC – Bust of Female;

d. Painting: John Crash Matos – "Eye & Chain";

e. Prints (2): Gillette – Three heads in Profile & One framed Newspaper Article celebrating Bikram Yoga;

f. Painting: John Crash Matos – "Simply Crash";

g. Print & Embroidery: Mattera Family Crest and Name History;

h. Mixed Media Artworks (2): G Alexandra – Female Figures with poems and inscriptions;

i. Paintings (2): John Crash Matos – "Royal Tea" & "Stamped for Life";

j. Prints (2): Giclee – Geometric Shapes (reproduction");

k. Painting: John Crash Matos – "Black F-1";

l. Painting: John Crash Matos – "Red F-1";

m. Bronze Statue: Golfer by Siliamg – 19/100;

n. One Piece "Crash" Special Edition Luggage;

o. One Piece "Crash" Special Edition Luggage; and

p. One Fender Guitar Case.

(collectively, the "Specific Property-2");

7

WHEREAS, on or about November 14, 2012, members of the Department of Treasury seized the following items from 6453 W. Rogers Circle:

      a. Photo Reproduction: View from Hillside Balcony;

      b. Painting: S Lee – Still-Life – Urn with Flowers;

      c. Reproduction Poster: "Endless Summer";

      d. Painting: Petrilli – Harbor through Stone Archway;

      e. One Bag with Stamp Collection and Coins; and

      f. Fender Bullet 150 Amplifier.

(collectively, the "Specific Property-3");

WHEREAS, on or about November 30, 2011, members of the Department of Treasury seized any and all funds on deposit in Account No. 9117139296 held in the name of Ft. Lauderdale Investments, LLC (the "Account");

WHEREAS, the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite the exercise of due diligence, has been unable to locate the remainder of the proceeds of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the United States is authorized, pursuant to Federal Rule of Criminal Procedure 32.2, to seek the forfeiture

8

of the following assets of the Defendant, to be applied in partial satisfaction of the Money Judgment entered against him:

        a.   Specific Property-1;

        b.   Specific Property-2;

        c.   Specific Property-3; and

        d.   the Account;

(collectively, the "Substitute Assets");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   As a result of the offenses charged in Counts One, Two, and Three of the Indictment, to which the Defendant pled guilty to, all of the Defendant's right, title, and interest in the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of

9

Forfeiture as to Substitute Assets, this Order is final as to the Defendant, JOHN A. MATTERA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the Department of Treasury (or its designee) is authorized to seize the Substitute Assets and hold the Substitute Assets in its secure, custody, and control.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Second Preliminary Order of Forfeiture as to Substitute Assets.    Any person, other than the Defendant in this case, claiming an interest in any of the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10

5.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in any of the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

8.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

9.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of

11

Forfeiture as to Substitute Assets, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10.  The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Paul M. Monteleoni, One St. Andrew's Plaza, New York, New York 10007.

Dated:     New York, New York
           May 22, 2014

                              SO ORDERED:


                              HONORABLE RICHARD J. SULLIVAN
                              UNITED STATES DISTRICT JUDGE

12

# Exhibit
# B

PREET BHARARA
United States Attorney for the
Southern District of New York
By:     PAUL M. MONTELEONI
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, New York 10007
        Tel.: (212) 637-2219

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                          :
UNITED STATES OF AMERICA,                                 :     DECLARATION OF PUBLICATION
                                                          :
              -v.-                                        :     12 Cr. 127 (RJS)
                                                          :
JOHN A. MATTERA,                                          :
                                                          :
              Defendant.                                  :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

        I, PAUL M. MONTELEONI, pursuant to Title 28, United States Code, Section

1746, hereby declare under the penalty of perjury that:

        I am an Assistant United States Attorney in the office of the United States

Attorney for the Southern District of New York; and

        Attached to this declaration are (1) a true and correct copy of a notice of criminal

forfeiture in this action, and (2) a true and correct copy of an Advertisement Certification Report,

indicating that the aforementioned notice was posted on an official government internet site

(www.forfeiture.gov) for at least 30 consecutive days, beginning on June 4, 2014, as required by

Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions; and

Both documents referenced-above were obtained from a Consolidated Asset

Tracking System maintained by the Department of Justice.

Dated: New York, New York
    July **23**, 2014

PAUL M. MONTELEONI
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## COURT CASE NUMBER: 12 CR. 127 (RJS); NOTICE OF FORFEITURE

Notice is hereby given that on May 27, 2014, in the case of U.S. v. John A. Mattera, Court Case Number 12 CR. 127 (RJS), the United States District Court for the Southern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

Items Seized from 455 East Palmetto Park Road, Apartment 4W, Boca Raton, Florida on or about November 14, 2012, (13-IRS-002024)including the following:
a. Painting: Zavaleta - 2 Females and Mandolin;
b. Painting: Zavaleta - 2 Females - Standing;
c. Print: Giclee abstract in blue with spots of red and green;
d. Framed Silk Hermes Scarf -"L' ombrelle Macique";
e. Framed Silk Hermes Scarf -"Cent Plis De Miao";
f. Painting: Kirton Smith -"Three Dancers";
g. Painting: Zavaleta - "Two Entwined & Drinking";
h. Framed Silk Hermes Scarf "Ex Libris en Camouflage";
i. Framed Silk Hermes Scarf "Clic Cloic";
j . Painting: Kirton-Smith - Dancing Couple, Blue;
k. Painting: Kirton-Smith - Dancing Couple, Red;
1. Painting: JC - Abstract with elongated extremities;
m. White Specialized Bike - Cross Trail;
n. Black Specialized Bike  - Transition Expert;
o. Orange Specialized Bike;
p. Black Cannondale Bike Taiwan Mfg;
q. Bust: Chikembirike -  "Foreteller";
r. One Fender  - "Crash" Guitar;
s. Glass Sculpture: Folded Vase Blue/Red/Green;
t. Gary Felt Bike F5-56 Green;
u. Painting: Niko - "Bella Lima";
v. Ferrari 156 Sharknose Model - Pewter & Autograph;
w. One AMESC Safe; and
x. Painting: John Crash Matos "Unhinged".

Items seized from the storage unit maintained for John A. Mattra by Addison Storage at 900 N.W. 1st Street, Boca Raton Florida on or about November 14, 2012 (13-IRS-002025)including the following:
a. Painting: Ansn - European Street Scene;
b. Painting: JC - Portrait Head of Female;
c. Painting: JC - Bust of Female;
d. Painting: John Crash Matos - "Eye & Chain";
e. Prints (2): Gillette Three heads in Profile & One framed Newspaper Article celebrating Bikram Yoga;
f. Painting: John Crash Matos - "Simply Crash";
g. Print & Embroidery: Mattera Family Crest and Name History;
h. Mixed Media Artworks (2): G Alexandra -  Female Figures with poems and inscriptions; Female

i. Paintings (2): John Crash Matos - "Royal Tea" & "Stamped for Life"

j. Prints ( 2) : Giclee Geometric Shapes (reproduction");

k. Painting: John Crash Matos - "Black F-1";

1. Painting: John Crash Matos - "Red F-1";

m. Bronze Statue: - Golfer by Siliamg - 19/100;

n. One Piece - "Crash" Special Edition Luggage;

o. One Piece - "Crash" Special Edition Luggage; and

p. One Fender - Guitar Case.

Items seized from the storage maintained for John A. Mattera by Eire Companies at 6453 W. Rogers Circle, Boca Raton Florda, on or about November 14, 2012 (13-IRS-002026)including the following:

a. Photo Reproduction: View from Hillside Balcony;

b. Painting: S Lee - Still-Life - Urn with Flowers;

c. Reproduction Poster: "Endless Summer";

d. Painting: Petrilli - Harbor through Stone Archway;

e. One Bag with Stamp Collection and Coins; and

f. Fender Bullet 150 Amplifier

Any and all funds on deposit in Account No. 9117139296 held in the name of Ft. Lauderdale Investments, LLC (13-IRS-002027)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct.  Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (June 04, 2014) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY  10007, and a copy served upon Assistant United States Attorney Paul Monteleoni, One St. Andrew's Plaza, New York, NY  10007. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.



### Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between June 4, 2014 and July 03, 2014. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. John A. Mattera

**Court Case No:**          12 CR. 127 (RJS)
**For Asset ID(s):**         See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 06/04/2014 | 24.0 | Verified |
| 2 | 06/05/2014 | 24.0 | Verified |
| 3 | 06/06/2014 | 24.0 | Verified |
| 4 | 06/07/2014 | 24.0 | Verified |
| 5 | 06/08/2014 | 22.3 | Verified |
| 6 | 06/09/2014 | 23.0 | Verified |
| 7 | 06/10/2014 | 24.0 | Verified |
| 8 | 06/11/2014 | 24.0 | Verified |
| 9 | 06/12/2014 | 24.0 | Verified |
| 10 | 06/13/2014 | 24.0 | Verified |
| 11 | 06/14/2014 | 24.0 | Verified |
| 12 | 06/15/2014 | 24.0 | Verified |
| 13 | 06/16/2014 | 24.0 | Verified |
| 14 | 06/17/2014 | 23.8 | Verified |
| 15 | 06/18/2014 | 24.0 | Verified |
| 16 | 06/19/2014 | 24.0 | Verified |
| 17 | 06/20/2014 | 21.6 | Verified |
| 18 | 06/21/2014 | 24.0 | Verified |
| 19 | 06/22/2014 | 24.0 | Verified |
| 20 | 06/23/2014 | 24.0 | Verified |
| 21 | 06/24/2014 | 24.0 | Verified |
| 22 | 06/25/2014 | 24.0 | Verified |
| 23 | 06/26/2014 | 24.0 | Verified |
| 24 | 06/27/2014 | 24.0 | Verified |
| 25 | 06/28/2014 | 24.0 | Verified |
| 26 | 06/29/2014 | 24.0 | Verified |
| 27 | 06/30/2014 | 24.0 | Verified |
| 28 | 07/01/2014 | 24.0 | Verified |
| 29 | 07/02/2014 | 24.0 | Verified |
| 30 | 07/03/2014 | 24.0 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.