UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. MATTERA, §
§
　　Petitioner, §
§
v §   No. 12-CR-127 (RJS)
§   No. 16-Civ-783 (RJS)
UNITED STATES OF AMERICA §
§
　　Respondent. §
§

RECEIVED
SDNY DOCKET UNIT
2017 MAR -2 AM 10: 35

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/17

## MOTION TO COMPEL PRODUCTION OF BRADY MATERIAL DISCOVERY

COMES NOW Petitioner, John A. Mattera, pro se and moves this Honorable Court for an order compelling the United States Attorney's office to produce Brady Material Discovery and in support thereof would show as follows:

1) There exist substantial Brady Material which would exonerate John Mattera and help him vacate his sentence which was never produced.

2) This Brady Material includes:

　　A) A complete volume of text messages for Bradford van Siclen's phone (954) 439-3566 that covers the expanded timelines set forth in this case by the Securities and Exchange Commission, January 1, 2009 to November 17, 2011. Omitted were January 1, 2009 through November 1, 2010 and September 22, 2011 through November 17, 2011; and thereafter until John A. Mattera's sentencing on June 16, 2013.

　　B) A second, and never disclosed, phone number for Bradford van Siclen that existed and has recently been brought to John Mattera's attention (917) 945-5024. No text messages for this number were ever supplied by the US Attorney's Office in discovery for the time frames January 1, 2009 through November 17, 2011 and thereafter until John A. Mattera's sentencing on June 16, 2013.

　　C) Emails for the same expanded timelines (See A & B) were never delivered for the BVS@ThePraetorianFund.com email address for Bradford van Siclen and must be produced.

1

D) Emails were never delivered by the US Attorney's Office to John A. Mattera during discovery for Bradford van Siclen's email: BradfordvanSiclen@Gmail.com and must be produced for the timelines detailed in A & B.

E) Skype messages were never delivered by the US Attorney's Office to John A. Mattera during discovery for Bradford van Siclen's Skype account: Bradford.Van.Siclen

F) Search Warrants issued on John A. Mattera's residence located at 2890 NE 28th Street, Fort Lauderdale, Florida 33306 and John A. Mattera's office located at 1600 N Federal Highway, Pompano Beach, Florida 33062, were never delivered to John A. Mattera.

G) Wire Tap warrants issued to wire tap John A. Mattera on his phone lines: (561) 573-3900, (561) 573-0079, and any other phone lines that belonged to or were in John A. Mattera's control were not delivered to John A. Mattera.

H) A complete list of all Shareholders/Investors that comprise PRAEFECTUS LLC and VERDE CAPITAL LLC on the restitution list, as the restitution list is grossly incorrect and John A. Mattera has been overcharged due to the errors. (There is a Motion in front of this Honorable Court to have the restitution reduced and John A. Mattera's sentence reduced accordingly.)

I) All Private Placement Memorandums, all Qualified Investor Questionaires, all paperwork that ANY investor filled out in either The Praetorian Global Fund Ltd, Spartan Capital Inc., Eastern Funding Inc., HRS Funding, Stone Soup Capital, Verde, Seaboard Securities, and any other company that Investors executed investment documents and disclosures that John A. Mattera was made financially responsible for via the incorrect restitution amount of $13.5Million.

J) All paperwork that ANY investor filled out or that ANY broker sent to or received from The Praetorian Global Fund Ltd, the G Power entities, or Wilshire Capital including those involving Elizabeth Evans of Stone Soup Capital and Verde, Jonathan Pallazolo, Joseph Almazon of Spartan Capital, David Howard

of HRS Funding, Salvatore Moretti, Anthony DiGiovanni Sr. and Anthony Digiovanni Jr. formerly of Seaboard Securities, and any other broker or third party marketer involved with the same.

K) The text messages, call records, emails, skype messages, social media messages, and any other communications between Bradford van Siclen and Ernest Remo and Pat Rost of American Diversified Holdings Corp., Matthew Marsenison of Trident Aerospace, Magnus Brohult of Lighthouse Fund, Greg Osbourne of Middlebury Investments, Todd van Siclen, Inga Marie Walter van Siclen, Salvatore Fede, David Otto of The Otto Law Group, and Mario Gugliemo (sp?) of Legends Securities, for the time period of January 1, 2007 to June 16, 2013.

L) The text messages and emails between Bradford van Siclen or any of the brokers and companies listed in I & J, and R. D. Hubbard, Ed Burger, Marisa Light Cain, Scott Braun, Ervin Braun, Seth Elliot, Skye Cardonna, Andrew Badolato, Stephen Careaga aka Steven aka Steve, David Carruthers, Abdullah Al-Bajadi Al-Shahrani/Zirhanni, Hassan Saleh Al-Zahrani, and Patrick J. Lochrie for the time period of January 1, 2007 through June 16, 2013.

M) All records of Bradford van Siclen's involvement with Bartholomew International Investments Limited, Nannaco Inc., Amenni LLC, Amenni Inc., Arabian Recab for Trading LLC, Reality Wireless Networks Inc., American Diversified Holdings Corporation, Pacific Stock Transfer, Recab International Inc., and Saudi American Holdings Corporation Inc. for all time periods, including Investors, mergers and acquisitions, press releases, shareholders, officers, and stock history.

N) Full disclosure of John A. Mattera's accuser, (CI) Bradford van Siclen, the Managing Director of The Praetorian Global Fund Ltd, and CFO and Senior VP of publicly traded FBI storefront Saudi American Holdings Corporation Inc. (otcbb: SAHN), and stock promoter for publicly traded American Diversified Holdings Corp (otcbb: ADHC), and his long-standing professional relationship with fired ex-FBI Special Agent Ross Gaffney, FBI Special Agent John Edward Osa, notorious global scamster and long-time paid CI and employee of the Federal government

under the the Westfall Act Patrick J. Lochrie.

O) All Discovery including all Filings, Affidavits, Disclosures, and all documents regarding The Praetorian Global Fund, the G Power entities, and Wilshire Capital provided by Bradford van Siclen to the SEC and DOJ as John A. Mattera's co-defendant, including in Bradford van Siclen's criminal case under a separate judge, The Honorable Judge Castel, case No. 1:12-cr-00005. Bradford van Siclen was tried in front of Judge Castel instead of Judge Sullivan, and John A. Mattera was never copied a single thing from that case, except for a copy of the final judgment against Bradford van Siclen on 8 October 2015, sent by Karen Willenken of the SEC, one month after the hearing. John A. Mattera was given only 10 days to object, and was never actually afforded that opportunity because the deadline had lapsed by the time the documents were delivered, when John A. Mattera would have certainly objected to Bradford van Siclen getting his restitution forgiven and only a 4 month prison sentence, as well as having objected to numerous other factors in the case, such as Bradford van Siclen being tried by a separate judge.

P) All text messages and emails of Patrick J. Lochrie in the time period of January 1, 2007 to June 16, 2013 including but not limited to the phone numbers: +447810206305, +966507762060, (954) 554-4235, (954) 358-3890, (954) 358-3891, and any other phone number or email address possessed by Patrick J. Lochrie.

Q) All information on Saudi American Holdings Corporation Inc., a publicly traded FBI storefront that trades under the ticker "SAHN"; all of Saudi American's predecessor companies; and the main leader of this scam operation Bradford van Siclen, a long-time CI working for the government under his handlers Patrick J. Lochrie, a well known CI and government employee who is known as "The Consultant" or "Irish Pat"; David Carruthers, strawman President of SAHN and UK resident; fired for cause ex-FBI Special Agent Ross Gaffney; Stephen J. Czarnik, disbarred attorney for SAHN and SAHN's record custodian; and FBI Special Agent John Edward Osa AKA John Firo AKA John Vega AKA Thomas V. Faro AKA et cetera.

R) All text messages, call logs, emails, and other communications for

4

the law firm Gusrae, Kaplan, Nusbaum PLLC who served as John A. Mattera's lawyers in another matter, and as John A. Mattera's and Bradford van Siclen's lawyers in the SEC civil matter, and who represented Bradford van Siclen AGAINST John A. Mattera, their own client, in Bradford van Siclen's criminal case No. 1:12-cr-00005, and the text messages, emails and call logs of Marty Kaplan, Larry Nusbaum, and Gusrae for the time periods of October 1, 2010 through June 16, 2013.

S) All information withheld by the US Attorney's Office on pertinent individuals who have been working with co-defendant Bradford van SIclen for many years stealing money from unsuspecting investors and defrauding the citizens of the United States, UK, UAE, the European Union, Ukraine, Russia, China, Thailand, Saudi Arabia, Egypt, and many other countries for more than 15 years.

T) The original SEC Inquiry, SEC Complaint, and DOJ Complaint against Bradford van Siclen, and against The Praetorian Global Fund Ltd, none of which was ever provided to John A. Mattera.

U) All records of any other criminal, SEC, or civil case or action against Bradford van Siclen, David Carruthers, Stephen Careaga, Patrick J. Lochrie, Anthony DiGiovanni Sr and Anthony DiGiovanni Jr, Stephen J. Czarnik, David Otto, Todd van Siclen, Salvatore Fede, Seth Elliot, Pat Rost, Ernest Remo, Pacific Stock Transfer Co., and any companies associated with the same.

V) All records of all companies using the address 110 Broward Blvd, Suite 1700, Ft. Lauderdale, FL 33301, and the address 1314 E Las Olas Blvd, Fort Lauderdale, FL, and the address 15 Stratton Street, London w1J 8LQ, United Kingdom, all of which are mail-drop locations associated with Patrick Lochrie, Bradford van Siclen and/or David Carruthers, and are used as the mailing addresses for FBI-run companies, of which Saudi American Holdings Corporation is only one of many.

W) All communications between Bradford van Siclen, David Carruthers, and/or Patrick J. Lochrie and El Fadil A. Mohammed (financial consultant in UK), Robert 'Bob' Gray, Robert Haveman, Kingdom Holdings (Saudi Arabia), Terence C. Byrne, Stephen Careaga, and Matthew Marsenison.

X) All records of the communications between the Swiss Financial Authorities and Pictet & Cie Bank, and the SEC and/or the US Attorney's Office and/or any other government agency regarding John A. Mattera's civil and criminal cases, and his bank account # X-509493.101 in the name of John A. Mattera. The US Attorney's office seized all of John A. Mattera's files and moved them to New Jersey, where they remain even after John A. Mattera's old counsel requested them to be returned in 2015. The Pictet & Cie bank statement negates the money laundering charge, as this is the account that the $100,000 was sent to, an account in the name of John A. Mattera - not "some account in Switzerland" as prosecutor Eugene Ingoglia misled the Court about. Ingoglia led the Court to believe that the Prosecution did not know that the account was held in John A. Mattera's name, when they specifically thanked the Swiss Financial Authority for their assistance in the matter, on the date of John A. Mattera's arrest. This matter is currently in front of this Court for a reversal which will free Mr. Mattera immediately.

Y) All information regarding the relationship between Saudi American Holdings Corporation and Kaleej Group Gmbh, 'Sheik Abdullah', SAHN's supposed $220Million Saudi Sheikh investor whom Bradford van Siclen, David Carruthers, and Patrick J. Lochrie used to defraud John A. Mattera into investing in SAHN, any other fake sheikh used by the same in the past, and the scams run by Bradford van Siclen without John A. Mattera's knowledge, including but not limited to pump and dump schemes involving Sky Harvest and Jeffrey Chong, Trident Aerospace and Matthew Marsenison, and other companies.

Z) All information regarding Bradford van Siclen's purchase of Ischian Holdings from John A. Mattera and Ann A. Mattera, his payment on the debt of the same to the Matteras, his default on that debt, and his negligence in securing the stock and shares owed Ischian by Avondale, upon purchase of Ischian. The money Bradford van Siclen paid John A. Mattera on Ischian's debt is a large part of what was used to implicate John A. Mattera for Bradford van Siclen's crimes.

6

3) This is not the first time the US Attorney's Office purposefully failed or refused to produce the correct evidence to either the Court or to John A. Mattera, though so demanded.

4) The US Attorney's Office must be held accountable for its egregious conduct in failing to provide John A. Mattera with Brady Materials which would have exonerated him in both the civil and criminal cases.

5) Since John A. Mattera is incarcerated and has no ability to print from CD-ROMs, kindly ORDER that the Brady Material wrongfully denied to John A. Mattera be in PRINTED FORMAT.

Wherefore, John A. Mattera respectfully prays that this Honorable Court issue an ORDER compelling the US Attorney's Office in Manhattan to produce any and all Brady Material not provided to John A. Mattera, which will lead to a VACATING of John A. Mattera's sentence and sanctions against the US Attorney's Office and for such further relief as is meet and just.

Respectfully Submitted

By _____

John A. Mattera
Reg No. 97650-004
FCC Yazoo City (LOW)
P.O. Box 5000
Yazoo City, MS 39194-5000

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Motion to Compel Production of Brady Material Discovery and sanctions was mailed, by US mail, to: Jane Kim AUSA, US Attorney's Office SDNY, One Saint Andrews Plaza, New York, New York 10007-1703 USA, this 24th day of February, 2017.

John A. Mattera
Reg # 97650-004
FCC Yazoo City (LOW)
P.O. Box 5000
Yazoo City, MS 39194-5000

TRULINCS 97650004 - MATTERA, JOHN - Unit: YAZ-A-B

---

FROM: Cruz De Betters, Elvia G
97650004
SUBJECT: SEARCH
DATE: 02/13/2017 10:36:12 PM

United States v. Van Siclen (1:12-cr-00005)
View on PACER Search this Docket

District Court, S.D. New York
Assigned To: Judge P. Kevin Castel
Date Filed: Nov. 16, 2011
Date Terminated: July 22, 2015

| Document Number | Date Filed | Description |
|---|---|---|
| 1 | Nov.. 16, 2011 | SEALED INFORMATION (Felony) as to Sealed Defendant 1 (1) count(s) 1, 2, 3, 4. (jm) (Entered: 01/06/2012) |
| 2 | Jan. 4, 2012 | Order to Unseal Information as to Sealed Defendant 1. (Signed by Judge P. Kevin Castel on 1/4/12) (jm) (Entered: 01/06/2012) |
| 3 | Jan. 4, 2012 | ORDER as to Bradford Van Siclen as follows: the Transcript of the defendant's guilty plea proceeding, the Information to which the defendant is pleading guilty, the plea agreement between the defendant and the Government, this order and the Government's application for this order, shall be sealed and, the no docket entries shall be made until further order by this Court, and counsel for the defendant and the Government may be provided a copy of the transcript of the proceedings without further order of the Court, and the Government shall report to the Court, on or before two months after execution of this Order regarding the continuing need, if any, to maintain these maters under seal. (Signed by Judge P. Kevin Castel on 11/16/11)(jm) Modified on 1/6/2012 (jm). (Document filed under delayed docketing on 11/16/11) (Entered: 01/06/2012) |
| 4 | Jan. 4, 2012 | NOTICE OF INTENT TO FILE an Information by U.S.A. as to Bradford Van Siclen. (Document delayed ting and originally filed 11/15/11) (jm) (Entered: 01/06/2012) |
| 5 | Jan. 4, 2012 | WAIVER OF INDICTMENT by Bradford Van Siclen. (Document originally filed under delayed docketing on 12/16/11) (jm) (Entered: 01/06/2012) |
| 6 | Jan. 9, 2012 | TRANSCRIPT of Proceedings as to Bradford Van Siclen held on November 16, 2011 2:40 p.m. before Judge P. Kevin Castel. (bw) (Entered: 01/18/2012) |
| 7 | Dec. 5, 2012 | MOTION for Gusrae Kaplan Nusbaum PLLC to Withdraw as Attorney for defendant Bradford Van Siclen. Document filed by Bradford Van Siclen. (Lenihan, Glen) (Entered: 12/05/2012) |
| 8 | Dec.. 5, 2012 | AFFIDAVIT of Marlen Kruzhkov, Esq. in Support as to Bradford Van Siclen re 7 MOTION for Gusrae Kaplan Nusbaum PLLC to Withdraw as Attorney for defendant Bradford Van Siclen.. (Attachments: # 1 Exhibit Discharge Email)(Lenihan, Glen) (Entered: 12/05/2012) |
| 9 | Dec. 5, 2012 | MEMORANDUM in Support by Bradford Van Siclen re 7 MOTION for Gusrae Kaplan Nusbaum PLLC to Withdraw as Attorney for defendant Bradford Van Siclen.. (Lenihan, Glen) (Entered: 12/05/2012) |
| 10 | Dec. 5, 2012 | Certificate of Service of 9 Memorandum in Support of Motion, 7 MOTION for Gusrae Kaplan Nusbaum PLLC to Withdraw as Attorney for defendant Bradford Van Siclen., 8 Affidavit in Support of Motion by Bradford Van Siclen. Document was served on Bradford Van Siclen on December 5, 2012. Service was made by Mail. (Lenihan, Glen) (Entered: 12/05/2012) |
| 11 | Dec. 17, 2012 | ORDER granting in part and denying in part 7 Motion to Withdraw as Attorney. as to Bradford Van Siclen (1). PLEASE TAKE NOTICE THAT, upon the accompanying Affidavit of Marlen Kruzhkov, Esq., sworn to December 4, 2012, and the Exhibits annexed thereto, and Memorandum of Law in Support and the pleadings herein, Gusrae Kaplan Nusbaum PLLC ("GKN") will move this Court, before the Honorable P. Kevin Castel, at the United States Courthouse 500 Pearl Street, Courtroom 12-C. New York. New York, on January 4,2013.... Defendant's counsel's unopposed motion to withdraw is granted in part and denied in part. Counsel reports that he has been discharged in this case by the defendant who has entered a plea of guilty but has not been sentenced. No new counsel has appeared in the action. By January 11,2013, defendant shall cause a notice of appearance to be filed in this action by an attorney admitted to practice in this Court or complete a financial affidavit of eligibility for theappointment of counsel at public expense pursuant to the Criminal Justice Act ("CJA"). Mr. Kruzhov shall remain counsel of record until an order of this Court appointing counsel under the CJA or a notice of appearance by ned counsel is filed. Thereafter, Mr. Kruzhov will be relieved. He shall assist in the preparation of a CJA affidavit if sted by defendant and shall serve a copy of this Order on defendant. SO ORDERED. (Signed by Judge P. Kevin Castel on 12/17/2012) (dnd) (Entered: 12/17/2012) |
| 12 | Dec. 17, 2012 | Certificate of Service of 11 Order on Motion to Withdraw as Attorney,,,,, by Bradford Van Siclen. Document was served on Bradford Van Siclen on 12/17/2012. Service was made by Mail. (Lenihan, Glen) (Entered: 12/17/2012) |
| 13 | March 19, 2014 | ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P.. Kevin Castel from Attorney |

TRULINCS 97650004 - MATTERA, JOHN - Unit: YAZ-A-B

---

 n Kruzhkov dated March 13, 2014 re: In accordance with Your Honor's Order, dated December 17, 2012, Mr. Van Siclen y submits the attached copy of a Financial Affidavit (CJA Form 23) pursuant to the Criminal Justice Act ("CJA") for eligibility of Court appointed counsel. We are holding the original of Mr. Van Siclen's Financial Affidavit and will process it as Your Honor directs. ENDORSEMENT: Mr. Kruzhkov, Mr. Van Siclen, the government and the CJA attorney on duty Matthew Kluger shall appear on March 26, 2014 at 2:00 p.m. SO ORDERED. (Signed by Judge P. Kevin Castel on 3/19/2014)(bw) (Entered: 03/19/2014)

14   March 26, 2014   ORDER: As to Bradford Van Siclen. The conference scheduled for March 26,2014 is adjourned to April 8, 2014 at 11:00 a.m. in Courtroom 12-C. SO ORDERED. (Signed by Judge P. Kevin Castel on 3/26/2014)(dnd) (Entered: 03/26/2014)

15   April 8, 2014   CJA 23 Financial Affidavit by Bradford Van Siclen. Commencing 90 days from today, Mr.Van Siclen shall pay $750.00 per month towards the cost of counsel in accordance with the Criminal Justice Act and Matthew Kluger is appointed pursuant to the CJA. SO ORDERED.(Signed by Judge Judge P. Kevin Castel) (dnd) (Entered: 04/18/2014)

16   Sept. 2, 2014   ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P. Kevin Castel from Eugene Ingoglia dated 8/28/2014 re: Adjournment of Sentencing. ENDORSEMENT: Sentencing adjourned from September 5 to Nov. 5, 2014 at 11:30 a.m. SO ORDERED. (Sentencing set for 11/5/2014 at 11:30 AM before Judge P. Kevin Castel.) (Signed by Judge P. Kevin Castel on 9/2/2014)(ft) (Entered: 09/02/2014)

17   Oct. 31, 2014   ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P. Kevin Castel from Matthew J. Klinger dated 10/31/14 re: Reschedule Sentencing...ENDORSEMENT: Conference adjourned from November 5, 2014 to December 16, 2014 at 2:30pm ( Sentencing set for 12/16/2014 at 02:30 PM before Judge P. Kevin Castel) (Signed by Judge P. Kevin Castel on 10/31/14)(jw) (Entered: 10/31/2014)

18   Dec. 11, 2014   SENTENCING SUBMISSION by USA as to Bradford Van Siclen. (Moyne, Parvin) (Entered: 12/11/2014)

19   Dec. 11, 2014   NOTICE OF ATTORNEY APPEARANCE Parvin Daphne Moyne appearing for USA. (Moyne, Parvin) (Entered: 12/11/2014)

20   Dec. 14, 2014   LETTER MOTION addressed to Judge P. Kevin Castel from Matthew J. Kluger dated December 14, 2014 re: adjourn sentence . Document filed by Bradford Van Siclen. (Kluger, Matthew) (Entered: 12/14/2014)

    Dec. 15, 2014   MEMO ENDORSEMENT granting 20 LETTER MOTION Adjournment of Sentencing as to Bradford V.. Siclen (1). ENDORSEMENT: Sentencing adjourned to Feb. 10, 2015 at 11:00 a.m. in Courtroom 11D. SO ORDERED. (Signed by Judge P. Kevin Castel on 12/15/2014) (ft) (Entered: 12/15/2014)

22   Feb. 9, 2015   SECOND LETTER MOTION addressed to Judge P. Kevin Castel from Matthew J. Kluger dated February 8, 2015 re: adjourn sentence . Document filed by Bradford Van Siclen. (Kluger, Matthew) Modified on 2/9/2015 (ka). (Entered: 02/09/2015)

23   Feb.. 9, 2015   MEMO ENDORSEMENT granting 22 SECOND LETTER MOTION filed by Bradford Van Siclen (1), addressed to Judge P. Kevin Castel from Attorney Matthew J. Kluger dated February 8, 2015 re: adjourn sentence. Sentencing is currently scheduled for this Tuesday, February 10, 2015 at 11:00 a.m. I write now, with the consent of the Government, to respectfully request that the sentencing be adjourned for six weeks and that, if the Court so desires, that a status conference be held in its place. ENDORSEMENT: Sentencing adjourned to March 2, 2015 at 12:00 p.m. The Court will entertain any written application the defendant wishes to make. SO ORDERED. (Signed by Judge P. Kevin Castel on 2/9/2015) (bw) (Entered: 02/09/2015)

24   Feb. 27, 2015   NOTICE OF ATTORNEY APPEARANCE: Stephen James Binhak appearing for Bradford Van Siclen. Appearance Type: Retained. (Binhak, Stephen) (Entered: 02/27/2015)

25   Feb. 27, 2015   ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P. Kevin Castel from defense counsel Stephen James Binhak dated 2/27/15 re: In response to a request from Matthew Kluger, the court reset sentencing from February 10, 205 to Monday March 2, 2015.. ENDORSEMENT: Sentencing adjourned to May 1, 2015 at 2pm. SO ORDERED. Sentencing set for 5/1/2015 at 02:00 PM before Judge P. Kevin Castel (Signed by Judge P. Kevin Castel on 2/27/15)(jbo) (Entered: 02/27/2015)

26   March 27, 2015 ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P. Kevin Castel from Stephen James Binhak dated 3/27/2015 re: Unsealing of Transcript. ENDORSEMENT: Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 3/27/2015)(ft) Modified on 3/27/2015 (ft). (Entered: 03/27/2015)

27   March 31, 2015 TRANSCRIPT of Proceedings as to Bradford Van Siclen re: Plea held on 11/16/2011 before Judge P. Kevin Castel. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After  date it may be obtained through PACER. Redaction Request due 4/24/2015. Redacted Transcript Deadline set for  15. Release of Transcript Restriction set for 7/2/2015. (jw) (Entered: 03/31/2015)

28   April 14, 2015   ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P. Kevin Castel from Stephen James Binhak dated 4/13/2015 re: Adjournment of Sentencing. ENDORSEMENT: Conference is adjourned May 1, 2015 to July 21, 2015 at 11:00 a.m. SO ORDERED. (Signed by Judge P. Kevin Castel on 4/14/2015)(ft) (Entered: 04/14/2015)

29   July 7, 2015   SENTENCING SUBMISSION by Bradford Van Siclen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Binhak, Stephen) (Entered: 07/07/2015)

TRULINCS 97650004 - MATTERA, JOHN - Unit: YAZ-A-B

----------------------------------------------------------------------------------------

July 21, 2015   CONSENT PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT as to Bradford Van .. IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Parvin Moyne, of counsel, and the Defendant and his counsel Stephen Jmaes Binhak, Esq., As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $400,000 in United States currency (the "Money Judgment") shall be entered against the Defendant. The Payment shall be applied as a payment towards the Money Judgmentin partial satisfaction thereof. (Signed by Judge P. Kevin Castel on 7/21/15)(jw) (Entered: 07/21/2015)

31   July 22, 2015   JUDGMENT In A Criminal Case. Date of Imposition of Judgment: 7/21/2015. Defendant Bradford Van Siclen (1) pleaded guilty to Count(s) 1, 2, 3, and 4. IMPRISONMENT: 4 months. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2 p.m. on 10/27/2015. ASSESSMENT: $400.00, due immediately. The determination of restitution is deferred until 8/14/2015. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination. The defendant shall forfeit the defendant's interest in the following property to the United States: See, Consent Preliminary Order of Forfeiture/Money Judgment. (Signed by Judge P. Kevin Castel on 7/21/2015) (bw) (Entered: 07/22/2015)

32   Aug. 13, 2015   LETTER by USA as to Bradford Van Siclen addressed to Judge P. Kevin Castel from USA dated August 13, 2015 re: Proposed Order of Restitution, Joint Request for Extension of Time to File Document filed by USA. (Cucinella, Brooke) (Entered: 08/13/2015)

TRULINCS 97650004 - MATTERA, JOHN - Unit: YAZ-A-B

----------------------------------------------------------------------------------------------------

M: Cruz De Betters, Elvia G
7650004
SUBJECT: SEARCH
DATE: 02/13/2017 10:36:12 PM

33      Aug. 17, 2015   TRANSCRIPT of Proceedings as to Bradford Van Siclen re: Sentence held on 7/22/2015 before Judge P. Kevin Castel. Court Reporter/Transcriber: Patricia Kaneshiro-Miller, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/11/2015. Redacted Transcript Deadline set for 9/21/2015. Release of Transcript Restriction set for 11/19/2015. (McGuirk, Kelly) (Entered: 08/17/2015)

34      Aug. 17, 2015   NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Bradford Van Siclen. Notice is hereby given that an official transcript of a Sentence proceeding held on 7/22/2015 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 08/17/2015)

35      Aug. 17, 2015   ENDORSED LETTER as to Bradford Van Siclen addressed to Judge P. Kevin Castel from AUSA Brooke E. Cucinella dated August 13, 2015 re: The parties respectfully jointly request an additional 30 days to file the proposed Order of Restitution. ENDORSEMENT: Order of Restitution to be filed by September 18, 2015. SO ORDERED. (Signed by Judge P. Kevin Castel on 8/17/2015)(bw) (Entered: 08/17/2015)

36      Sept. 17, 2015  SECOND LETTER by USA as to Bradford Van Siclen addressed to Judge P. Kevin Castel from USA dated September 17, 2015 re: Restitution Order Document filed by USA.. (Cucinella, Brooke) (Entered: 09/17/2015)

37      Sept. 18, 2015  MEMO ENDORSEMENT as to Bradford Van Siclen on re: 36 Letter filed by USA. ENDORSEMENT: Application granted. FINAL. SO ORDERED. (Signed by Judge P. Kevin Castel on 9/17/2015)(ft) Modified on 9/18/2015 (ft). (Entered: 09/18/2015)

38      Oct. 8, 2015    ORDER as to (12-Cr-5-01) Bradford Van Siclen. Someone is playing the system---or neglecting his or her responsibilities. On January 4, 2012, Mr.. Van Siclen entered guilty pleas to the crimes of securities fraud, wire fraud, conspiracy to commit both of the foregoing crimes, and obstruction of an agency investigation. There has been more than ample time to work out the defendant's restitution obligation in the three and one half years between Mr. Van Siclen's plea and his July 21, 2015 sentencing. At sentencing, the parties asked to submit a post-sentencing order and the law permits the entry of an order of restitution within 90 days of sentencing. I acquiesced and directed that a proposed order of restitution be submitted by August 14, 2015, mindful that there might be difficult or complex issues for the Court to resolve. At the behest of the government, the Court granted two extensions to submit a restitution order, first to September 18, 2015 and later to October 9, 2015. Now Mr. Van Siclen wants until October 14, 2015 to see whether it is possible to arrive at an agreement with the government. This, his counsel informs me, would be the 85th day under the 90 day clock. Thus, if no agreement were reached, the Court would have until October 19, 2015 to resolve the dispute---with no briefs, no submissions and no evidence, and with two of the intervening days falling on a weekend. How great would this be for the defendant? Either the defendant would have no restitution obligation or the Court could hurriedly make a restitution determination with a high risk of reversible error! And the government is OK with this? UNLESS A FULLY AGREED UPON RESTITUTION ORDER IS DELIVERED TO CHAMBERS BY OCTOBER 13, 2015 AT 10:00 A.M., FULL BRIEFING AND SUPPORTING EVIDENCE FROM BOTH SIDES ON THE RESTITUTION ISSUE SHALL BE DELIVERED TO CHAMBERS BY OCTOBER 13, 2015 AT 10:00 A.M. AND THE COURT WILL COMMENCE AN EVIDENTIARY HEARING OR ORAL ARGUMENT AT 9 A.M. ON OCTOBER 14, 2015 in COURTROOM 11D. ALL COUNSEL AND MR. VAN SICILEN ARE DIRECTED TO APPEAR. THERE WILL BE NO ADJOURNMENTS. THE HEARING WILL CONTINUE FROM DAY TO DAY UNTIL COMPLETED. It is the government who is tasked with ensuring that victims' interests in restitution are accommodated. The inaction of the government in this case, whether the product of a lackadaisical attitude, naivete in allowing itself to be duped or some other reason, is shameful. And shame on the undersigned for having granted the government's last two requested adjournments. Never again! SO ORDERED. (Signed by Judge P. Kevin Castel on 10/8/2015)(bw) (Entered: 10/08/2015)

